Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000836
22-AUG-2013
09:42 AM

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

MAYDENE I. SIMMONS,
Plaintiff-Appellant,
v.
AQUA HOTELS AND RESORTS, INC., a foreign Profit Corporation;
KAI MANAGEMENT SERVICES LLC, dba KAUAI BEACH RESORT,
a Domestic Limited Liability Company;
JOHN DOES 1-10 and JANE DOES 1-10,
Defendants-Appellees

NO. CAAP-12-0000836

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 11-1-0059)

AUGUST 22, 2013

FOLEY, PRESIDING JUDGE, REIFURTH AND GINOZA, JJ.

OPINION OF THE COURT BY FOLEY, J.

In an appeal arising out of an age discrimination lawsuit, Plaintiff-Appellant Maydene I. Simmons (Plaintiff) appeals from a September 18, 2012 final judgment entered in the

Circuit Court of the Fifth Circuit[1] (circuit court) in favor of Defendants-Appellees Aqua Hotels and Resorts, Inc. (Aqua Hotels) and Kai Management Services, LLC (Kai Management) (collectively, Defendants). The circuit court granted summary judgment in Defendants' favor on all counts of Plaintiff's complaint.

## I. BACKGROUND

Plaintiff was employed as the Director of Sales and Marketing (DOSM) at the Kauai Beach Resort (KBR) from 2006 through 2009 by Anekona LLC. In 2009, Anekona LLC filed for bankruptcy, and on July 24, 2009, Kai Management assumed management responsibilities for KBR and absorbed all existing employees of KBR, including Plaintiff. Kai Management is a wholly owned subsidiary of Aqua Hotels. Throughout her employment at KBR, Plaintiff had a house on Oahu and returned to Oahu during weekends. KBR provided her with a room in the hotel during the week and paid for her weekly round-trip airfare.

On June 29, 2010, Robin Graf (Graf), the general manager of KBR, met with Plaintiff and informed her that at the end of August KBR would no longer pay for her weekly travel and hotel accommodations. At the time, KBR was restructuring after undergoing foreclosure in 2009, and Graf stated the decision was a cost-cutting measure and not a performance issue. He further stated Plaintiff's job was not being eliminated but because the hotel wanted a DOSM who lived on Kauai, Plaintiff would need to relocate from Oahu to continue her employment. Plaintiff said she did not plan to move to Kauai. During this conversation, Graf learned that Plaintiff was 64 years old.

On July 30, 2010, Graf sent Plaintiff a letter confirming their conversation. He asked that she respond by August 2 with "[her] intentions in regards to performing and fulfilling [her] job responsibilities should [she] not decide to relocate to Kauai." Plaintiff responded accordingly by email on

---

[1]     The Honorable Randal G.B. Valenciano presided.

August 2, 2010, informing Graf that she intended to relocate to Kauai and continue her employment, and she agreed to the elimination of her commuting benefits. Plaintiff copied her email to Guy Underkoffler (Underkoffler), Senior Vice-President of Operations for Aqua Hotels and Chief Operating Officer of KBR, and Sanford Nojima (Nojima), Director of Human Resources for Aqua.

The next day, Graf emailed Nojima, Underkoffler, and Shanamae Andres (Andres), KBR's human resources manager, confirming Plaintiff's decision to relocate. Graf also raised the need to redefine the DOSM position as part of KBR's overall restructuring. Specifically, the email proposed a redefined job description that eliminated marketing responsibility from the position, emphasized local sales, and reduced the position's salary.

Graf drafted a letter to Plaintiff dated August 5, 2010 summarizing the changes and changing the job title to Director of Sales (DOS). Graf wrote he would discuss his expectations with Plaintiff after she reviewed the job description. Graf later testified he could not recall whether he sent this letter to Plaintiff, however.

On August 12, 2010, Graf met with Plaintiff and informed her he was eliminating the DOSM position, and her employment would terminate at the end of the month. He stated Plaintiff could apply for the DOS position but would have to start as a new hire. Plaintiff did not apply for the DOS position, and on November 2, 2010, KBR hired a 52-year old woman to fill the position.

On February 7, 2011, Plaintiff jointly filed a complaint alleging age discrimination with the federal Equal Employment Opportunity Commission (EEOC) and the Hawaiʻi Civil Rights Commission (HCRC). Plaintiff named Kai Management as the respondent in both complaints and alleged she was terminated because of her age. On March 22, 2011, the HCRC issued a notice

of right to sue to Plaintiff, based on her election to pursue her claims in court.

On April 5, 2011, Plaintiff filed a complaint against Defendants in the circuit court. The complaint alleged a claim for age discrimination in violation of Hawaii Revised Statutes (HRS) § 378-2(1)(A) (Supp. 2010) and a claim for intentional infliction of emotional distress (IIED) arising out of her termination.

Defendants filed a motion for summary judgment on May 3, 2012. The circuit court granted the motion and dismissed Plaintiff's claims, concluding: (1) it lacked jurisdiction over Plaintiff's claims against Aqua Hotels because Plaintiff had failed to name Aqua Hotels in her complaint with the HCRC; (2) although Plaintiff established a prima facie showing of age discrimination, Defendants stated legitimate reasons for Plaintiff's termination, and Plaintiff had not produced evidence that Defendants' reasons were a pretext for discrimination; and (3) Plaintiff failed to produce evidence on her IIED claim. The circuit court entered its order granting Defendants' motion for summary judgment on August 21, 2012 and entered its final judgment on September 18, 2012.

On appeal, Plaintiff contends the circuit court erred in concluding it lacked jurisdiction over Aqua Hotels and in granting summary judgment on her HRS § 378-2 claim and her IIED claim.

## II.   STANDARDS OF REVIEW

<u>A.</u>      <u>Jurisdiction</u>

"The existence of jurisdiction is a question of law that [the appellate court reviews] de novo under the right/wrong standard." <u>Captain Andy's Sailing, Inc., v. Dep't of Land and Natural Resources, State of Hawai'i</u>, 113 Hawai'i 184, 192, 150 P.3d 833, 841 (2006) (internal quotation marks, citation and brackets omitted).

B.        Summary Judgment

> A grant of summary judgment is "appropriate where
> there is no genuine issue as to any material fact and the
> moving party is entitled to judgment as a matter of law."
> Ross v. Stouffer Hotel Co., 76 Hawai'i 454, 457, 879 P.2d
> 1037, 1040 (1994) (citing S. Utsunomiya Enters., Inc. v.
> Moomuku Country Club, 75 Haw. 480, 497, 866 P.2d 951, 961,)
> reconsideration denied, 76 Hawai'i 247, 75 Haw. 580, 871
> P.2d 795 (1994).  In other words, "summary judgment should
> not be granted unless the entire record shows a right to
> judgment with such clarity as to leave no room for
> controversy and establishes affirmatively that the adverse
> party cannot prevail under any circumstances." State v.
> Zimring, 52 Haw. 472, 475, 479 P.2d 202, 204 (1970) (quoting
> Phoenix Sav. & Loan, Inc. v. Aetna Casualty & Surety Co.,
> 381 F.2d 245, 249 (4th Cir.1967)).  "A fact is material if
> proof of that fact would have the effect of establishing or
> refuting one of the essential elements of a cause of action
> or defense asserted by the parties." Hulsman v. Hemmeter
> Dev. Corp., 65 Haw. 58, 61, 647 P.2d 713, 716 (1982)
> (internal citations omitted).

Balthazar v. Verizon Hawaii, Inc., 109 Hawai'i 69, 72, 123 P.3d
194, 197 (2005).

## III.   DISCUSSION

A.        Jurisdiction Over Aqua Hotels

A person who wishes to file a judicial proceeding in the circuit court for employment discrimination in a violation of Part I of HRS Chapter 378 (1993) must first file a complaint with the HCRC and receive a notice of right to sue from the HCRC.  See Schefke v. Reliable Collection Agency, Ltd., 96 Hawai'i 408, 416 n.5, 32 P.3d 52, 60 n.5 (2001).  Plaintiff's complaint with the HCRC named only Kai Management as a respondent.  The circuit court dismissed Plaintiff's claims against Aqua Hotels for lack of jurisdiction, based on her failure to name Aqua Hotels in her HCRC complaint.

This court addressed a somewhat similar situation in Lales v. Wholesale Motors Co., No. 28516 (App. May 9, 2012) (mem.), cert. granted, 2012 WL 4801373 (Oct. 9, 2012).[2]  The plaintiff in Lales filed a complaint with the HCRC naming his employer and his supervisor as respondents; however, the HCRC

----

[2]  The petitioners' application for writ of certiorari in Lales did not raise the specific issue that we discuss here.

issued a notice of right to sue naming only the employer. Id. at *6. We noted federal courts have permitted suits under Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. §§ 2000e et seq.) (Title VII) "even where a party is not named in an EEOC charge, . . . as long as the party not named in the EEOC charge was involved in the acts giving rise to the EEOC charge or should have anticipated that the claimant would name the party in a Title VII lawsuit." Id. at *8 (emphasis added). We concluded that under the circumstances the plaintiff could proceed with his suit against his supervisor.

Although this case is distinguishable because Plaintiff did not name Aqua Hotels in her HCRC complaint, the reasoning set forth in Lales applies here. In interpreting our employment discrimination law, our courts look to interpretations of analogous federal laws by the federal courts for guidance. Schefke, 96 Hawai'i at 425-26, 32 P.3d at 69-70 (adopting the Ninth Circuit Court of Appeals' test regarding retaliation claims under Title VII). The Ninth Circuit has identified several exceptions to the general rule that a party not named in an EEOC charge cannot be sued under Title VII. Suit is permitted against the unnamed party when: (1) the unnamed party was involved in the acts giving rise to the EEOC charge; (2) the EEOC or the unnamed party should have anticipated a Title VII suit against the unnamed party; (3) the named party is a principal or agent of a unnamed party or if they are substantially identical; (4) the EEOC could have inferred that the unnamed party violated Title VII; or (5) the unnamed party had notice of the EEOC conciliation efforts and participated in the EEOC proceedings. Sosa v. Hiraoka, 920 F.2d 1451, 1458-60 (9th Cir. 1990).

We hold that the exceptions enumerated above apply when determining whether a plaintiff may proceed with a suit for violations of Part I of HRS Chapter 378 against a party not named

6

in an HCRC charge. Although the federal circuits have applied various tests and exceptions, see Martin v. Fisher, 13 Cal. Rptr. 2d 922, 424 (Cal Ct. App. 1992), we specifically adopt the Ninth Circuit's analysis because its precedent applies to EEOC complaints jointly filed with the HCRC; adopting its precedent would therefore be consistent with the legislature's intention of providing employment discrimination victims with the same remedies under state and federal law. Sam Teague, Ltd. v. Hawai'i Civil Rights Comm'n, 89 Hawai'i 269, 281, 971 P.2d 1104, 1116 (1999) (citing Hse. Stand. Comm. Rep. No. 549, in 1981 House Journal, at 1166; Sen. Stand. Comm. Rep. No. 1109, in 1981 Senate Journal, at 1363). The Ninth Circuit's analysis is also consistent with the remedial purposes of Part I of HRS Chapter 378 and with our courts' policy of favoring adjudication of discrimination claims on the merits. Lales at *7; Furukawa v. Honolulu Zoological Soc'y, 85 Hawai'i 7, 17, 936 P.2d 643, 653 (1997); Ross v. Stouffer Hotel Co. (Hawai'i) Ltd., Inc., 76 Hawai'i 454, 462, 879 P.2d 1037, 1045 (1994). States construing their respective employment discrimination statutory schemes have similarly adopted federal precedent. Martin, 13 Cal. Rptr. 2d at 923-24; Johns v. Harborage I, Ltd., 585 N.W.2d 853, 860 (Minn. Ct. App. 1998) (applying Sosa to its interpretation of the Minnesota Human Rights Act).

Therefore, we apply the factors set forth in Sosa to this case, and we conclude Plaintiff should have been allowed to proceed with her suit against Aqua Hotels. Plaintiff's employer, Kai Management, is a wholly owned subsidiary of Aqua Hotels. The record shows Aqua Hotels management officials were involved in Plaintiff's termination, and Aqua Hotels charged Graf with responsibility for KBR's restructuring decisions. The record also shows Aqua Hotels was notified of and served with Plaintiff's HCRC complaint. Thus, Aqua Hotels should clearly

have anticipated that Plaintiff would name them in a suit. Moreover, Aqua Hotels could not have been prejudiced in any way because there were no HCRC proceedings. The circuit court erred in dismissing Plaintiff's HRS § 378-2 claim against Aqua Hotels.[3]

B.          Summary Judgment Disposition Of HRS § 378-2 Claim

Plaintiff asserts an individual "disparate treatment" theory of discrimination, claiming Defendants intentionally discriminated against her because of her age. See Shoppe v. Gucci America, Inc., 94 Hawaiʻi 368, 377-78, 14 P.3d 1049, 1058-59 (2000) (describing the available theories of discrimination). Plaintiff's claim relies on circumstantial evidence that the employer's proffered explanations for her termination were pretext for age discrimination. In such cases, our courts apply the three-step burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).[4] Shoppe, 94 Hawaiʻi at 378, 14 P.3d at 1059.

---

[3] The circuit court also erred in dismissing Plaintiff's IIED claim against Aqua Hotels based on her failure to name Aqua Hotels in her HCRC complaint. The IIED claim was a separate claim independent of Plaintiff's HRS § 378-2 claim and was not subject to the statutory provisions that require filing an HCRC complaint before filing suit. See Hac v. Univ. of Hawaiʻi, 102 Hawaiʻi 92, 104, 73 P.3d 46, 58 (2003) (recognizing IIED as an independent claim). However, we conclude the court's error was harmless. Plaintiff's IIED claim against the two Defendants was based on the same allegations, and as discussed further below, we conclude Defendants' actions did not rise to the level necessary for an IIED claim to go forward.

[4] Defendants argue that, rather than applying the McDonnell Douglas framework, this court should evaluate Plaintiff's claim by applying Gross v. FBL Financial Services, Inc., 557 U.S. 167 (2009). In Gross, the United States Supreme Court held that a plaintiff bringing a disparate treatment claim under the federal Age Discrimination in Employment Act of 1967 (ADEA) must prove her employer would not have taken the challenged action but for the plaintiff's age. However, Gross was a "mixed-motive" case, and as the Hawaiʻi Supreme Court stated, the mixed-motive and McDonnell-Douglas analyses are different and distinct methods of proving disparate treatment. Shoppe, 94 Hawaiʻi at 378, 14 P.3d at 1059. The mixed-motive analysis requires that the plaintiff produce direct evidence of discriminatory animus. See Id. at 381, 14 P.3d at 1062 (concluding supervisor's comment that employer was "aiming for a younger look" amounted to direct evidence of discrimination); French v. Hawaii Pizza Hut, Inc., 105 Hawaiʻi 462, 474-75, 99 P.3d 1046, 1058-59 (2004). Because Plaintiff did not present direct evidence, this case was not a mixed-motive case, and we conclude Gross does not apply. See also Shelley v. Geren, 666 F.3d 599, 606-08 (9th Cir. 2012) (holding that even in ADEA cases governed by Gross, the McDonnell Douglas framework applies when analyzing ADEA "pretext" claims at the summary judgment stage).

The first step of the McDonnell Douglas framework requires that the plaintiff establish a prima facie case of discrimination by demonstrating, by a preponderance of evidence, the following four elements: (1) that plaintiff is a member of a protected class; (2) that plaintiff is qualified for the position for which plaintiff has applied or from which plaintiff has been discharged; (3) that plaintiff has suffered some adverse employment action, such as a discharge; and (4) that the position still exists. Shoppe, 94 Hawai'i at 378, 14 P.3d at 1059.

We agree with the circuit court's conclusion that Plaintiff established a prima facie case. There is no dispute that Plaintiff satisfied the first and third elements. Plaintiff presented uncontroverted evidence that she performed her duties as DOSM proficiently. Plaintiff also presented sufficient evidence showing that Defendants considered employing Plaintiff as the DOS, evidencing her qualification for both positions. As for the fourth element, there is at minimum a question of fact as to whether Plaintiff's position still existed. Although Defendants contend the DOS position eliminated Plaintiff's position, they acknowledge the DOS position entailed at least some of the same duties as Plaintiff's position. Plaintiff thus presented sufficient evidence to establish a prima facie case of disparate treatment.

Once the plaintiff establishes a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. Shoppe, 94 Hawai'i at 378, 14 P.3d at 1059. "The employer's explanation must be in the form of admissible evidence and must clearly set forth reasons that, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the challenged employment action." Id.

Defendants met their burden. In support of their motion for summary judgment, Defendants proffered evidence that, following bankruptcy by the prior owner of KBR and foreclosure

upon KBR, Kai Management assumed management responsibilities for KBR and began to undertake cost-cutting restructuring measures. These measures included the elimination of Plaintiff's commuting benefits, the need to restructure the DOSM position into the DOS position, and the need to have a DOS who could remain readily available on-site. Defendants further proffered evidence that, upon elimination of the DOSM position, Plaintiff was encouraged to apply for the DOS position if she was interested and serious about moving to Kauai. Plaintiff did not apply for the DOS position.

If the employer rebuts the prima facie case, the burden reverts to the plaintiff to demonstrate that the defendant's proffered reasons were "pretextual." Id. at 379, 14 P.3d at 1060. "A plaintiff may establish pretext either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Id. (internal quotation marks omitted). A plaintiff's prima facie case of discrimination, coupled with a disbelief of the employer's explanation, may permit the trier of fact to conclude the employer unlawfully discriminated. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 ,147, (2000); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993). The evidence and all inferences drawn must be viewed in the light most favorable to the party opposing summary judgment. Balthazar, 109 Hawai'i at 72 n.4, 123 P.3d at 197 n.4.

Plaintiff pointed to specific facts sufficient to raise doubts as to the credibility of the Defendants' proffered explanations. There is no dispute that Graf informed Plaintiff she could continue her employment if she gave up her commuting benefits and relocated to Kauai. KBR's chief operating officer also testified that although he made the decision to eliminate Plaintiff's commuting benefits as part of KBR's restructuring, he believed Plaintiff would retain her employment. The record shows

that on August 2, 2010, ten days before Graf informed Plaintiff of her termination, Plaintiff emailed Graf stating her agreement to relocate to Kauai and to relinquish her commuting benefits. Based on this record, a rational fact-finder could infer that Defendants' stated reasons for Plaintiff's termination lacked credibility and were pretextual.

Moreover, the circuit court's oral ruling granting Defendants' summary judgment motion indicates it improperly favored Defendants' version of the facts. It cited Plaintiff's commuting costs, ignoring the fact that Plaintiff agreed to relinquish those benefits before she was terminated. It also credited Defendants' claim that they "operated under the [belief] that [P]laintiff was not going to relocate and began the restructuring plans[,]" and therefore it "believe[d] that age was not a factor" in the termination decision. Viewing the facts in the light most favorable to Plaintiff however, the circuit court should have credited the chief operating officer's statement that he believed Plaintiff would remain employed under the restructuring plan. Additionally, Graf's July 30, 2010 letter to Plaintiff noted her initial statement that she would not relocate but then requested that she confirm her intentions regarding relocation. Graf's August 5, 2010 drafted letter to Plaintiff also indicates Defendants considered continuing Plaintiff's employment by employing her as the DOS. "[S]ummary judgment should not be granted unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances." Balthazar, 109 Hawaiʻi at 72, 123 P.3d at 197 (internal quotation marks omitted). We conclude Plaintiff presented sufficient evidence to raise genuine issues of material fact regarding when Defendants made the decision to terminate Plaintiff and what factors motivated that decision. Therefore, the circuit court erred in granting summary judgment against Plaintiff on her HRS § 378-2 claim.

11

C.        Summary Judgment Disposition Of IIED Claim

Plaintiff's second cause of action asserted an IIED claim based on her termination. In support of this claim, Plaintiff failed to allege any facts beyond those supporting her discrimination claim. The circuit court concluded Defendants' alleged conduct failed to rise to the level of "outrageous" or "extreme" conduct, and we agree.

Our courts have adopted the Restatement (Second) of Torts' approach to IIED claims. Hac, 102 Hawai'i at 60-61, 73 P.3d at 106-07. The elements of an IIED claim are: 1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused 4) extreme emotional distress to another." Id. "The question whether the actions of the alleged tortfeasor are unreasonable or outrageous is for the court in the first instance[.]" Ross, 76 Hawai'i at 465, 879 P.2d at 1048. Restatement (Second) of Torts § 46 cmt. d (1965) characterizes outrageous conduct as follows:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

Our case law is clear that termination alone, even if based on discrimination, is not sufficient to support an IIED claim without a showing of something outrageous about the manner or process of termination. See Shoppe, 94 Hawai'i at 387, 14 P.3d at 1068 (employee's allegations of termination based on age discrimination and of manager's "vicious" verbal attack, shouting, and criticism in front of other employees were insufficient to create a genuine issue of fact of outrageousness); Ross, 76 Hawai'i at 465, 879 P.2d at 1048 (termination based on alleged marital status discrimination was

12

insufficient to sustain IIED claim). Here, nothing in the record shows that Defendants' manner of terminating Plaintiff rose to the level of outrageousness. We therefore affirm the circuit court's grant of summary judgment as to Plaintiff's IIED claim.

## IV. CONCLUSION

We vacate the Circuit Court of the Fifth Circuit's August 21, 2012 "Order Granting Defendants Aqua Hotels And Resorts, Inc.'s and Kai Management Services LLC's Motion For Summary Judgment" and the September 18, 2012 "Final Judgment," and we remand this case for further proceedings.

On the briefs:

Clayton C. Ikei
Jerry P.S. Chang
(Law Office of Clayton Ikei)
for Plaintiff-Appellant
Maydene I. Simmons.

Stefan M. Reinke
Malia E. Schreck
(Lyons, Brandt, Cook & Hiramatsu)
for Defendants-Appellees Aqua
Hotels and Resorts, Inc. and
Kai Management Services LLC.