**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000611
31-OCT-2025
07:52 AM
Dkt. 34 SO**

NO. CAAP-23-0000611

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ERICH L. NEEDS, JR., Plaintiff-Appellant, v.
WESLEY R. SEGAWA & ASSOCIATES, INC., Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-23-0000848)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, and Wadsworth and McCullen, JJ.)

Plaintiff-Appellant Erich L. Needs, Jr. (**Needs**), self-represented, appeals from the October 9, 2023 "Order Granting Defendant[-Appellee] Wesley R. Segawa & Associates, Inc.'s [(**WRSA**)] Motion to Dismiss Complaint Filed on June 29, 2023" (**Dismissal Order**) and the November 15, 2023 "Final Judgment" (**Judgment**) entered in the Circuit Court of the First Circuit (**Circuit Court**).[1]  The Judgment dismissed with prejudice Needs's June 29, 2023 "Civil Tort Complaint for Breach of Contract, Unlawful Discharge and Discriminatory Practices" (**Complaint**).

Needs alleged in the Complaint that WRSA violated Hawaii Revised Statutes (**HRS**) § 378-2 when it terminated his employment based on his arrest for an alleged assault committed while he was on duty at WRSA's job site.  He further alleged that after the complaining witness (**CW**) passed away, the State of Hawaiʻi filed a motion for nolle prosequi (voluntary dismissal) without prejudice in Needs's criminal case, and WRSA failed to reinstate him following the dismissal of that case.  The

_____

[1]  The Honorable Dean E. Ochiai presided.

Complaint asserted four claims based on these allegations: breach of contract (Count I), unlawful discharge (Count II), discriminatory practices (Count III), and presumption of innocence (Count IV).

On July 19, 2023, WRSA filed a motion to dismiss the Complaint under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(b)(6) for failure to state a claim, and under Rule 12(b)(1) and (h)(3) for lack of subject matter jurisdiction and failure to exhaust administrative remedies.

Following a September 15, 2023 hearing, the Circuit Court entered the Dismissal Order, granting WRSA's motion to dismiss and dismissing the Complaint with prejudice.[2/] The Judgment followed on November 15, 2023.

On appeal, Needs contends that the Circuit Court erred in dismissing his breach of contract, unlawful discharge and discriminatory practices claims "when it prematurely granted [WRSA's motion to dismiss], without first allowing [Needs] to present evidence, following the [d]iscovery process." Needs does not challenge the dismissal of his "presumption of innocence" claim.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Needs's contentions as follows, and affirm.

We review a circuit court's ruling on a motion to dismiss de novo, under the same standard applied by the circuit court. Reyes-Toledo, 143 Hawaiʻi at 256-57, 428 P.3d at 768-69. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove

_____

[2/] The Dismissal Order includes findings of fact (**FOFs**) and conclusions of law. A circuit court deciding a motion to dismiss for failure to state a claim generally does not make findings of fact. The court's consideration is limited to the allegations of the complaint, and the court must deem those allegations to be true. See Bank of Am., N.A. v. Reyes-Toledo, 143 Hawaiʻi 249, 257, 428 P.3d 769 (2018). However, the court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." Norris v. Hawaiian Airlines, Inc., 74 Haw. 235, 240, 842 P.2d 634, 637 (1992) (emphasis added). Thus, we may consider the FOFs in the Dismissal Order that concern the Circuit Court's subject matter jurisdiction.

no set of facts . . . support[ing their] claim that would entitle [them] to relief." Id. at 257, 428 P.3d at 769 (quoting Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013)).

(1) The Circuit Court did not err in dismissing Needs's breach of contract claim for failure to state a claim.

Needs alleged in the Complaint that he was "fired for violating the 'Rules of Conduct' . . . of the Employee Handbook[,]" based on the alleged assault of the CW. In Count I, he asserted that WRSA "[b]reached the implied contract of Employment, based upon an arrest of [Needs] for an alleged offense committed wh[i]le [Needs] was on duty at [WRSA's] job site[,]" and "[t]o date [he] has NOT been convicted for the alleged assault." The Complaint did not identify the source or terms of the purported implied contract, did not allege that WRSA assented to those terms, and did not state how those terms were breached.

In response to the motion to dismiss, Needs acknowledged that his employment was "at-will," stating that "[he] seeks to confront the 'At-Will' clause in the hiring of [him], in the sense that, though [WRSA] reserves the right to terminate [him] for cause or no cause." Needs also argued:

> Plaintiff entered an "implied contract" with the Defendant that promised to pay Plaintiff for his work, and that as long as the Plaintiff did his job, pursuant to the job description, policy and procedures, that the Plaintiff would remain on the job and be paid for his services. Plaintiff further understood that while the Defendant could terminate the Plaintiffs' employment for "No Reason", Plaintiff would NOT be terminated for an unfounded and false allegation.
>
> Thereby, Plaintiff asserts that terminating an employee upon an unfounded and false allegation, is an actionable claim, as it "Breaches" the terms and conditions of an "implied contract".

In its Dismissal Order, the Circuit Court concluded that the Complaint "does not allege the requisite elements of offer, acceptance or consideration establishing the existence of a contract, does not allege any details of the contract, and does not allege any provision of the contract Defendant purportedly breached." The court acknowledged the assertions made in Needs's response to the motion to dismiss, and concluded in part:

5.    Although Plaintiff asserts that he believed (1) that as long as he "did his job" he would "remain on the job" and (2) he would not be terminated for an "unfounded and false allegation" . . . , Plaintiff has not alleged that the parties discussed these terms, that Defendant assented to these terms, or the existence of the mutual assent required to give rise to such contractual obligations. Plaintiff's unilateral beliefs do not constitute the meeting of the minds necessary to establish a contractual obligation.

6.    Plaintiff has not adequately alleged the existence of an implied contract or any mutually agreed-upon contractual provision that Defendant purportedly violated, and as such, has failed to state a claim that a breach of contract has occurred. Au v. Au, 63 Haw. 210, 221, 626 P.2d 173, 181 (1981) (granting the defendant's motion to dismiss because the plaintiff's "fail[ure] to specify what provisions of the [contract] were breached" failed to provide defendant with "fair notice of what [the] claim is or the grounds upon which it rests").

On appeal, Needs does <u>not</u> contend that the Complaint adequately alleged the existence of an implied contract or the breach of such a contract. Rather, he contends that the Circuit Court erred by "prematurely grant[ing]" the motion to dismiss without first allowing him to conduct discovery. On this record, we conclude that Needs failed to plead the required elements of a claim for breach of an implied contract, and the Circuit Court did not err in so ruling.

As to Needs's argument that the Circuit Court should have afforded him an opportunity to conduct discovery before granting the motion, he does not state where in the record he made this request or explain how discovery would have saved his claim. <u>See</u> Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4); <u>Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co.</u>, 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal."). He made no related argument in his response to the motion to dismiss, and did not request a transcript of the related hearing for the record on appeal. <u>See</u> <u>Bettencourt v. Bettencourt</u>, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and [they have] the responsibility of providing an adequate transcript." (quoting <u>Union Bldg. Materials Corp. v. The Kakaako Corp.</u>, 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984))). On this record, we cannot conclude that the Circuit

4

Court abused its discretion in dismissing the breach of contract claim with prejudice.

(2) The Circuit Court did not err in dismissing Needs's unlawful discharge claim for failure to state a claim.

Needs filed the Complaint on June 29, 2023, alleging that he was fired by WRSA on September 1, 2020. In Count II, he asserted that "[WRSA] violated HRS § 378-2 when [it] Unlawfully Discharged [Needs] from his job with [WRSA], based upon an arrest of [Needs] for an alleged offense committed wh[i]le [Needs] was on duty at [WRSA's] job site[,]" and "[t]o date [he] has NOT been convicted for the alleged assault." Needs did not further elucidate this claim in his response to the motion to dismiss.

In its Dismissal Order, the Circuit Court concluded:

> 8. . . . To the extent Plaintiff asserts Count II pursuant to section 378-2, it is duplicative of Plaintiff's Count III for Discriminatory Practices also asserted under section 378-2 and based on essentially the same allegations.
>
> 9. Construing Plaintiff's allegations in the light most favorable to Plaintiff, and instead interpreting Count II as a claim for wrongful termination in violation of public policy (i.e., a Parnar claim), Plaintiff's claim is barred by the applicable two-year statute of limitations. Parnar v. Americana Hotels, Inc., 65 Haw. 370, 652 P.2d 625 (1982) ("an employer may be held liable in tort where his discharge of an employee violates a clear mandate of public policy"); HRS § 657-7 ("Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after . . . .").

See also Office of Hawaiian Affairs v. State, 110 Hawaiʻi 338, 364, 133 P.3d 767, 793 (2006) (affirming dismissal of complaint barred by the statute of limitations where the validity of the affirmative defense was "apparent from the face of the pleading" (quoting Romero v. Star Mkts., Ltd., 82 Hawaiʻi 405, 416, 922 P.2d 1018, 1029 (App. 1996))).

On appeal, Needs does not contend that Count II states an independent claim (apart from his discriminatory practices claim) or that, even if construed as a Parnar claim, it was not time-barred. Rather, he contends that the Circuit Court erred by "prematurely grant[ing]" the motion to dismiss without first allowing him to conduct discovery. Again, he does not state where in the record he made this request or explain how discovery

would have saved Count II.  On this record, we cannot conclude that the Circuit Court abused its discretion in dismissing Needs's unlawful discharge claim with prejudice.

(3)  The Circuit Court did not err in dismissing Needs's discriminatory practices claim for failure to exhaust the necessary administrative remedies.

In Count III, Needs asserted that "[WRSA] violated HRS § 378-2 when [it] Discriminated against [Needs] by terminating [Needs's] employment, based upon an arrest of [Needs] for an alleged offense committed wh[i]le [Needs] was on duty at [WRSA's] job site[,]" and "[t]o date [he] has NOT been convicted for the alleged assault."  Neither the Complaint nor Needs's later response to the motion to dismiss asserted that Needs had received a notice of right to sue on this claim from the Hawaiʻi Civil Rights Commission (**HCRC**).  See Simmons v. Aqua Hotels & Resorts, Inc., 130 Hawaiʻi 325, 328–29, 310 P.3d 1026, 1029–30 (App. 2013) ("A person who wishes to file a judicial proceeding in the circuit court for employment discrimination in a violation of Part I of HRS Chapter 378 (1993) must first file a complaint with the HCRC and receive a notice of right to sue from the HCRC." (citing Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 416 n.5, 32 P.3d 52, 60 n.5 (2001))).

In its Dismissal Order, the Circuit Court concluded:

> 12.  The Court here does not need to look beyond the pleadings to determine whether Plaintiff has exhausted the required administrative remedies.  The Complaint does not allege that Plaintiff filed a complaint with the HCRC or the [Equal Employment Opportunity Commission (**EEOC**)] or that he received a right to sue letter.  Plaintiff admittedly did not file a complaint with either administrative agency and did not obtain a right to sue letter.  As a result, Plaintiff failed to exhaust the necessary administrative remedies to bring his section 378-2 discrimination claim in circuit court.  Andrade v. Cnty. of Hawaiʻi, 145 Haw[aiʻi] 265, 278, 451 P.3d 1, 14 (Ct. App. 2019) ("The Circuit Court correctly ruled that Andrade failed to exhaust his administrative remedies because Andrade did not initiate a proceeding before the HCRC and did not obtain a right to sue letter.").
>
> 13.  The act of discrimination at issue here, i.e., Plaintiff's termination, occurred on September 1, 2020. Plaintiff had 180 days from that date to file a complaint with the HCRC and/or EEOC.  HRS § 368-11(c) ("No complaint shall be filed after the expiration of one hundred eighty days after the date: (1) Upon which the alleged unlawful discriminatory practice occurred; or (2) Of the last

6

occurrence in a pattern of ongoing discriminatory practice."); <u>Furukawa v. Honolulu Zoological Soc.</u>, 85 Haw[ai'i] 7, 18, 936 P.2d 643, 654 (1997) ("Furukawa properly filed his discrimination complaint with the commission within 180 days, pursuant to HRS § 368-11(c)."). Plaintiff did not do so, and any attempt by Plaintiff to exhaust the necessary administrative remedies is now time-barred, which cannot be cured.

On appeal, Needs does <u>not</u> contend that he filed a complaint with the HCRC and received a notice of right to sue before filing his discriminatory practices claim in the circuit court.[3] Rather, he contends that the Circuit Court erred by "prematurely grant[ing]" the motion to dismiss without first allowing him to conduct discovery. Again, he does not state where in the record he made this request or explain how discovery would have saved Count III. On this record, we cannot conclude that the Circuit Court abused its discretion in dismissing Needs's discriminatory practices claim with prejudice.

For the reasons discussed above, the Dismissal Order and the Judgment are affirmed.

DATED: Honolulu, Hawai'i, October 31, 2025.

On the briefs:

Erich L. Needs, Jr.,
Self-presented Plaintiff-
Appellant.

Joseph A. Ernst and
D. Elliot Gonzalez
(Torkildson Katz)
for Defendant-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M. P. McCullen
Associate Judge

---

[3] Nor does Needs contest the Circuit Court's FOF 6, which states: "Plaintiff admittedly never filed a complaint with the [HCRC] or the [EEOC] and never received a right to sue letter from either agency regarding the claims asserted in this case." <u>See</u> <u>supra</u> note 2; <u>Okada Trucking Co. v. Bd. of Water Supply</u>, 97 Hawai'i 450, 459, 40 P.3d 73, 82 (2002) ("unchallenged factual findings are deemed be binding on appeal").