[No. B065501. Second Dist., Div. Two. Nov. 25, 1992.]

JANELLA SUE MARTIN, Plaintiff and Appellant, v.
GERARD L. FISHER, Defendant and Respondent.

## COUNSEL

Hadsell & Stormer, Dan Stormer, Litt, Marquez & Fajardo and Anne Richardson for Plaintiff and Appellant.

Joseph Posner, Nancy Bornn, Donald R. Livingston, Gwendolyn Young Reams, Carolyn L. Wheeler and Susan L.P. Starr as Amici Curiae on behalf of Plaintiff and Appellant.

Stefan M. Mason and Steven P. Krakowsky for Defendant and Respondent.

Lloyd C. Loomis as Amicus Curiae on behalf of Defendant and Respondent.

## OPINION

**GATES, Acting P. J.**—Janella Sue Martin appeals from a judgment of dismissal entered in favor of respondent Gerard L. Fisher in Martin's suit for employment discrimination. Martin named Fisher in the body of her charge of discrimination with the Department of Fair Employment and Housing (DFEH), but failed either to name him as a charged party or to obtain a right-to-sue letter naming him. Appellant contends the trial court erred in dismissing respondent on the grounds of failure to exhaust administrative remedies.

The facts underlying this appeal are not in dispute. In 1972, appellant filed a complaint against Texaco Refining and Marketing, Inc. (TRMI) with the

Equal Employment Opportunity Commission (EEOC) alleging sex discrimination and violation of title VII of the Civil Rights Act of 1964. Those charges were settled in 1977.

Eight years later, appellant filed a second complaint against TRMI with the EEOC, again alleging that TRMI had discriminated against her on the basis of gender and specifically naming her "functional superior" at the company, respondent, as the individual who had taken some of the actions against her. The complaint was jointly filed with the DFEH. (The DFEH complaint is attached as an exhibit hereto.)[1]

Before filing the 1985 complaint, appellant consulted an attorney regarding TRMI's alleged discriminatory actions. He did not accompany her to the EEOC and DFEH interviews. The agency complaints named only TRMI as a charged party, although respondent was identified in a section asking for the particulars of the charge.

Respondent learned of the charges through his employment at TRMI, but was not served with copies of the administrative complaints. He was interviewed by an EEOC representative with corporate counsel present. Neither agency found the charges against TRMI to be valid. Appellant received EEOC and DFEH right-to-sue letters which named only TRMI and which were not sent to respondent.

Section 12960 of the Government Code requires a claimant to state the name of the "person [or] employer" alleged to have committed "the unlawful practice complained of." The form provided appellant by the DFEH does not mention naming the "person who discriminated against the claimant." The form states: "Named is the employer, labor organization, employment agency, apprenticeship committee, state or local government agency who discriminated against me." Below this statement is a box labeled "name," in which TRMI appears.

If the DFEH "determines after investigation that the complaint is valid, [it] shall immediately endeavor to eliminate the unlawful employment practice" through "conference, conciliation, and persuasion." (Gov. Code, § 12963.7.) In the present case, the DFEH did not determine that the complaint was valid. There would have been, accordingly, neither conciliation proceedings nor the issuance of an agency accusation under the statutory scheme. (Gov. Code, § 12965, subd. (a).)

---

[1]In October 1988, appellant filed a third charge. She reiterated the basis for her 1985 claim, again naming respondent specifically in the body, but not the caption, of the administrative complaint. This charge was filed after appellant had brought suit in the present case.

If an accusation is not issued within 150 days after the filing of a complaint, or if the DFEH earlier determines that no accusation will issue, the DFEH is required to promptly notify in writing the person claiming to be aggrieved. The notice, known as a "right-to-sue letter," permits the plaintiff to bring a civil action "against the person, employer, labor organization or employment agency named in the verified complaint within one year from the date of such notice. . . ." (Gov. Code, § 12965, subd. (b).)

Appellant put on evidence that it was the policy of the EEOC in 1985 to name only the owner/employer as a charged party, and that the DFEH's policy was the same except in limited circumstances.[2]

Appellant and respondent agree that the answer to the narrow question posed by this appeal was provided in July 1991 by Division Seven of this court in *Valdez* v. *City of Los Angeles* (1991) 231 Cal.App.3d 1043 [282 Cal.Rptr. 726]. They disagree as to what that opinion held.

Appellant interprets *Valdez* as requiring only that an individual be named in the body of the charge, relying upon *Valdez*'s apparent adoption of the Fourth Circuit rule, which it characterized as "requiring that the party must have been named somewhere in the body of the charge." (*Valdez* v. *City of Los Angeles, supra,* 231 Cal.App.3d at p. 1061.) Respondent quotes language favorable to him, in which the court criticizes the "failure to name as defendants those persons known . . . to have perpetrated or inflicted the discrimination and who are sought to be held individually accountable in a suit at law." (*Valdez* v. *City of Los Angeles, supra,* 231 Cal.App.3d at p. 1060, fn. omitted.)

In *Valdez*, however, the individual defendants had not been named either in the caption or the body of the charge Valdez filed with the Department of Fair Employment and Housing. (See *Valdez, supra,* 231 Cal.App.3d at p. 1060.) Here, we must address the question dealt with at most in dictum in *Valdez*: Is suit barred where the defendant was named in the body of the administrative complaint, but not as a charged party?

The issue has been squarely faced in EEOC cases tried in the federal courts. As *Valdez* states, those courts have disagreed. The positions taken by the circuits are explained in Schlei and Grossman, Employment Discrimination Law (1989 supp.) pages 415-416. The Fifth, Eleventh, and Ninth Circuits permit suit against unnamed parties if their "involvement is likely to

---

[2]We assume the difficulties illustrated by this case will decrease in the future in light of the 1991 change in policy of the DFEH, which allows claimants to name additional parties in the caption of their claims.

have been revealed in the [administrative] investigation which could reasonably have been expected to grow out of the charge. [Fn. omitted.]" (Schlei & Grossman, *supra*, at p. 415; see *Chung* v. *Pomona Valley Community Hospital* (9th Cir. 1982) 667 F.2d 788, 792). Amicus curiae briefs in support of appellant advocate this view. The Fourth Circuit takes the restrictive view, requiring that the party have been named somewhere in the body of the charge. (*Dickey* v. *Greene* (E.D.N.C. 1984) 603 F.Supp. 102, 105, on remand from (4th Cir. 1983) 710 F.2d 1003, mod. (4th Cir. 1984) 729 F.2d 957.) The Third, Sixth, Seventh, Eighth, and Tenth Circuits take "a middle ground and look principally at whether the named and unnamed parties have an 'identity of interests.' " (Schlei & Grossman, *supra*, p. 416; see *Greenwood* v. *Ross* (8th Cir. 1985) 778 F.2d 448, 450-452.)

None of the above federal authorities takes the hard line proposed by respondent and amicus curiae on his behalf, that only a party named in the caption of the administrative complaint may be sued, regardless of any other circumstances. The reasons are apparent. ■ The function of an administrative complaint is to provide the basis for an investigation into an employee's claim of discrimination against an employer, and not to limit access to the courts. A strict rule would harm victims of discrimination without providing legitimate protection to individuals who are made aware of the charges through the administrative proceeding. If they are described in the charge as the perpetrators of the harm, they can certainly anticipate they will be named as parties in any ensuing lawsuit.

Here, respondent was named in the body of the charge. Equitable considerations do not favor his position. As a supervisory employee, respondent's interests were essentially those of TRMI. He received notice of the charges, was interviewed at length by the EEOC with corporate counsel present, and could have pursued a voluntary settlement had he so desired. The legislative scheme requires conciliation only in cases, unlike the present one, where the complaint is found to be valid. Moreover, the administrative form is itself ambiguous, and could be interpreted as requesting only the name of the employing company or agency, not the individual wrongdoer. To the extent the failure to name respondent is the result of administrative policy reflecting federal law, we are reluctant to burden appellant with its consequences.

Similarly, the right-to-sue letter, while triggering certain rights in the plaintiff, is primarily notification that no further administrative action will be taken in the case. Although its issuance is a prerequisite to judicial action (Gov. Code, § 12965, subd. (b)), we do not believe the plaintiff should be bound by the caption of the administrative charge, which is reflected in the right-to-sue letter.

We conclude that since respondent was named in the body of the administrative charge and participated in the administrative investigation, the trial court erred in dismissing appellant's claims against him for failure to exhaust administrative remedies.

The order appealed from is reversed. The case is remanded for proceedings consistent with this opinion. The parties shall bear their own appellate costs.

Nott, J., and Lord, J.,* concurred.

A petition for a rehearing was denied December 15, 1992, and respondent's petition for review by the Supreme Court was denied February 11, 1993.

---

*Judge of the Municipal Court for the Downey Judicial District sitting under assignment by the Chairperson of the Judicial Council.

# APPENDIX

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form.

| ENTER CHARGE NUMBER |
| --- |
| ☐ FEPA — to |
| ☒ EEOC   092852686 |

### CALIFORNIA DEPT. OF FAIR EMPLOYMENT AND HOUSING and EEOC
(State or local Agency, if any)

| NAME (Indicate Mr., Ms., or Mrs.) | HOME TELEPHONE NO. (Include Area Code) |
| --- | --- |
| Janella S. Martin | (213) 380-4817 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| --- | --- | --- |
| 630 S. Kenmore, #305 | Los Angeles, CA 90005 | Los Angeles |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) |
| --- | --- | --- |
| Texaco Refining and Marketing, Inc. | 15+ | (213) 739-2342 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
| --- | --- |
| 3810 Wilshire Blvd. | Los Angeles, CA 90010 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
| --- | --- |
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
| --- | --- |
| | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE ☒ RETALIATION ☐ OTHER (Specify)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, year) 8/12/85

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

**I.   Personal Harm:**

In or about December, 1984 I was forced to transfer from Houston, Texas to Los Angeles, California and was denied certain normal relocation benefits attendant thereto.

Since January, 1985 when I came to California, Respondent has failed and refused to compensate me at the level commensurate with my responsibilities.

On or about August 19, 1985, my corporate functional superior, Fisher, informed me that I would not be promoted to the position of Western Regional Credit Manager. He further made a veiled threat that bodily harm could come to me if I continued to insist on filing a discrimination charge.

I have been employed with Respondent since April 18, 1966, my most recent title being supervisor credit, Supply and Distribution, Western Region. I am the only female supervisor in my department and believe respondent employs no female managers at grade level 18 in operations departments.

**II.   Respondent's Reason**

Gerald Fisher, male, credit manager told me after my transfer

| ☐ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
| --- | --- |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| *Janella S. Martin* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Date 9/16/85   Charging Party (Signature) | |

EEOC FORM 5 (MAR 84)     PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

Janella S. Martin  vs. Texaco Refining & Marketing, Inc.

Charge Number: 092852686          Page 2

was final that certain relocation benefits were not available. I was given no reason for being denied my rightful salary.

Jerry Fisher told me that although I was more qualified, a male, J. Richards, would be my manager.

I do not know why a veiled threat was made to me.

III. **Discrimination Statement**

I believe that Respondent has discriminated against me because of my sex- female and because I protested unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, in that:

1. In 1972, I filed charges of sex discrimination against Respondent, which were finally resolved in 1977.

2. Respondent's written policies provide for payment of relocation benefits, and it has been the Respondent's practice to pay same to similarly situated males.

3. Since January, 1985 I have been performing all the duties of manager, but have not received the salary. I was promised by Mr. Fisher before my transfer, that I would be promoted to this position, as soon as it was created and approved by upper management.

4. Respondent has decided to place a less senior, less qualified, less experienced male (Richards) in the newly created manager's position although I have been responsible for and performing the duties, and anticipate continuing to do so.

5. During the conversation when Mr. Fisher informed me I would not be promoted, he related a story about a threat of harm he made to another individual who failed to do what Fisher wanted.

6. I allege that females as a class have systematically been excluded from positions any higher than supervisory positions, in the company.

Date ___9/16/85___          Charging Party _Janella S. Martin_