[No. G012339. Fourth Dist., Div. Three. Dec. 10, 1992.]

CAROLYN SAAVEDRA, Plaintiff and Appellant, v.
ORANGE COUNTY CONSOLIDATED TRANSPORTATION SERVICE
AGENCY et al., Defendants and Respondents.

**COUNSEL**

Grace E. Emery for Plaintiff and Appellant.

Parker, Covert & Chidester, Clayton H. Parker and John E. Hayashida for Defendants and Respondents.

**OPINION**

**SONENSHINE, J.—**

I

Carolyn Saavedra began working for Orange County Consolidated Transportation Service Agency (CTSA) in 1982 as a bus driver and was promoted

regularly. She worked as a clerk and an office service assistant. By 1990, Saavedra was an office service supervisor. In February, she returned to work after several weeks of sick leave. She was told her position had been eliminated and she was again to be a bus driver. All of her previous reviews had been favorable, but on the day of her demotion she was rated less than competent by her supervisor, Greg Winterbottom.

Unhappy, Saavedra resigned and shortly thereafter filed a complaint with the California Department of Fair Employment and Housing (DFEH). The issue was unresolved, and Saavedra filed the underlying complaint alleging three causes of action: (1) employment discrimination (Gov. Code, § 12940)[1] against CTSA and Winterbottom, (2) wrongful termination against CTSA, and (3) intentional infliction of emotional distress against CTSA and Winterbottom.

CTSA and Winterbottom moved for summary adjudication, claiming Saavedra's second cause of action was barred because she was an at-will employee. The first and third causes of action, they maintained, were barred because she had not named Winterbottom in her DFEH complaint and, moreover, the third cause of action was preempted by workers' compensation.

The court denied the motion as to the second cause of action, granted it as to the preemption allegation against CTSA and granted it as to the first and third causes of action against Winterbottom.[2]

The jury found against Saavedra on the remaining causes of action. She raises only one issue on appeal: She should have been able to proceed against Winterbottom despite her failure to specifically name him in the administrative complaint.

## II

Section 12960 delineates the procedures by which aggrieved employees are to state their complaints. It provides in part: "Any person claiming to be aggrieved by an alleged unlawful practice may file with the department a verified complaint in writing which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful practice complained of and which shall set forth the particulars thereof and contain such other information as may be required by the department."

---

[1] All future statutory references are to the Government Code.
[2] Section 825 provides for CTSA's indemnification of Winterbottom.

Saavedra's complaint named CTSA as the agency which committed the unlawful practice. Winterbottom was not delineated as an offending party but he was described as the individual who "demoted [her] for nonperformance . . . ." He said her "job was no longer available . . . ."

CTSA relies on *Valdez* v. *City of Los Angeles* (1991) 231 Cal.App.3d 1043 [282 Cal.Rptr. 726]. Valdez alleged the police department had discriminated against him. After his administrative claim was denied, he filed a lawsuit but the trial court granted the individual defendant's summary judgment motion. The Court of Appeal affirmed, holding "failure to name [the individuals] in the administrative complaint is fatal to the right to bring an action against them in the trial court." (*Id.* at p. 1061.)

As explained in *Martin* v. *Fisher, ante,* at page 118 [13 Cal.Rptr.2d 922], *Valdez* is not controlling because "the individual defendants had not been named either in the caption or the body of the charge . . . ." (*Id.* at p. 121.) *Martin* therefore "address[ed] the question dealt with at most in dictum in *Valdez*: Is suit barred where the defendant was named in the body of the administrative complaint, but not as a charged party." (*Id.* at p. 121.)

After reviewing the relevant federal authorities, the *Martin* court concluded: "None of the above federal authorities takes the hard line . . . that only a party named in the caption of the administrative complaint may be sued, regardless of any other circumstances. The reasons are apparent. The function of an administrative complaint is to provide the basis for an investigation into an employee's claim of discrimination against an employer, and not to limit access to the courts. A strict rule would harm victims of discrimination without providing legitimate protection to individuals who are made aware of the charges through the administrative proceeding. If they are described in the charge as the perpetrators of the harm, they can certainly anticipate they will be named as parties in any ensuing lawsuit." (*Martin* v. *Fisher, supra, ante,* at p. 122.)

And so it is here. Winterbottom was the only individual identified in the administrative complaint. He was the only person with whom Saavedra dealt. His actions were those of CTSA. He was put on notice and had an opportunity to pursue a "voluntary settlement had he so desired." (*Martin* v. *Fisher, supra, ante,* at p. 122.)

There is yet another reason we decline to follow *Valdez*. "[T]he administrative form is itself ambiguous, and could be interpreted as requesting only the name of the employing company or agency, not the individual wrongdoer. To the extent the failure to name [Winterbottom] is the result of

[CTSA's form], we are reluctant to burden [Saavedra] with its consequences." (*Martin* v. *Fisher, supra, ante,* at p. 122.)

The *Valdez* dissent explains it best. "Section 12960 requires the claimant to state the name of the 'person [or] employer' alleged to have committed 'the unlawful practice complained of. . . .' However, the complaint form furnished [Saavedra] by the Department of Fair Employment and Housing makes no mention of naming the 'person' who discriminated against the claimant. The form states: 'NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME.' Below this statement is a box labeled 'name.' . . . The statutory requirement [Saavedra] name the 'employer' who discriminated against [her] is ambiguous. Who was [Saavedra's] employer? . . . Lawyers confronted with questions like this typically resolve them by naming everyone in sight. But [Saavedra] is not a lawyer, and requiring a claimant to hire a lawyer to complete a discrimination claim form would be antithetical to the purposes of the legislation. Furthermore, the ambiguity of section 12960 is compounded by the complaint form which fails to notify the claimant he or she should name the 'person' alleged to have committed discriminatory acts. If the form had contained such notice it is reasonable to believe [Saavedra] would have named [Winterbottom]. Certainly, the contrary cannot be assumed, without evidence, on defendants' motion for summary judgment." (231 Cal.App.3d at pp. 1062-1063, fn. omitted.)

*Denney* v. *Universal City Studios, Inc.* (1992) 10 Cal.App.4th 1226 [13 Cal.Rptr.2d 170] is instructive. The trial court determined the plaintiff was precluded from pursuing a certain cause of action because his administrative complaint had omitted any reference to it. The appellate court reversed noting, "the failure to include the . . . claim in the administrative charge had been the fault of the [United States Equal Employment Opportunity Commission] not the plaintiff." (*Id.* at p. 1233.)

The section's purpose is "to protect and safeguard the right and opportunity of all persons to . . . hold employment without discrimination . . . ." (§ 12920.) Saavedra cannot be barred from suing Winterbottom because she did not file an administrative complaint against him. *She did not know* she was to file such a complaint.

### III

One question remains. Is this appeal academic? The answer is yes.

The jury, in determining that CTSA was not liable, impliedly found in favor of Winterbottom. Saavedra did not allege any independent actions on

the part of CTSA.[3] Its liability is based solely on a respondeat superior concept. CTSA would be liable *only* if Winterbottom did something wrong. By finding CTSA blameless, the jury a fortiori absolved Winterbottom. "[I]t is not necessary to try twice the basic elements relating to negligence." (*Louie Queriolo Trucking, Inc.* v. *Superior Court* (1967) 252 Cal.App.2d 194, 198 [60 Cal.Rptr. 389].)[4]

It is of no moment that this issue is raised for the first time on appeal. ■ "Although normally the res judicata effect of a prior judgment must be pleaded and proven at trial, when the judgment becomes final [after the issue could have been raised], the first final judgment may be brought to the attention of the appellate court . . . ." (*First N.B.S. Corp.* v. *Gabrielsen, supra,* 179 Cal.App.3d at p. 1195.)

The judgment is affirmed. Neither party shall be awarded costs on appeal.

Moore, Acting P. J., and Wallin, J., concurred.

---

[3]Saavedra's complaint alleged CTSA and Winterbottom "falsely and unjustly character-iz[ed] her performance as inadequate, l[ied] to her that her position had been eliminated, then demot[ed] her to the position she had started in eight years before." She was constructively discharged by them and "[b]y not reinstating her to her job or to a similar job on her return from maternity disability leave, [she] claim[ed] that CTSA and WINTERBOTTOM violated the Fair Employment and Housing Act and the implementing regulations of Title 2 of the California Code of Regulations." She further alleged CTSA "[b]y ignoring its own policy and failing to offer counselling or warnings that [her] performance was not adequate so that she could have corrected any perceived deficiencies, by springing a performance review on her on her first day back from maternity disability leave accusing her of inadequate performance, and then lying to her that her position had been eliminated while she was out on maternity disability leave, defendant corporation, through its employees, engaged in bad faith actions extraneous to the employment contract."

Saavedra's last cause of action maintains that she was entitled to emotional distress damages as a result of CTSA's and Winterbottom's actions. "By subjecting [her] to a blatantly unfair performance review, lying to her about the elimination of her job, then confronting her with an humiliating demotion, defendants deliberately and arrogantly abused their positions of power over [her]."

[4]The parties argue in terms of collateral estoppel. Indeed, Saavedra is collaterally estopped to litigate the cause of action against Winterbottom because the issues against him were already decided; there was a final judgment on the merits in the CTSA action and Saavedra is a party to both actions. (*First N.B.S. Corp.* v. *Gabrielsen* (1986) 179 Cal.App.3d 1189, 1194 [225 Cal.Rptr. 254].)