**NOT FOR PUBLICATION**



**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAIUPU MYERS,<br><br>              Plaintiff - Appellant,<br>  v.<br><br><br>CHECKSMART FINANCIAL, LLC,<br><br>              Defendant – Appellee. | No. 15-16687<br><br>D.C. No. 2:13-cv-02209<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Craig M. Kellison, Magistrate Judge, Presiding

Argued and Submitted April 17, 2017
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and DRAIN,** District Judge.

Faiupu Myers appeals the magistrate judge's order granting Checksmart

Financial, LLC's ("Checksmart") motion for summary judgment. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, *see Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986), we reverse and remand for further proceedings.

1. The magistrate judge erred in concluding that Myers's amended complaint did not relate back to the date the original complaint was filed. The magistrate judge erroneously focused on Myers's knowledge, contrary to the Supreme Court's holding in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). The *Krupski* court explained that even when "a plaintiff knows of a party's existence [, such knowledge] does not preclude her from making a mistake with respect to . . . [the defendant's] status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression." *Id*. at 548-49. This type of "deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." *Id*. at 549.

2. While Myers may have known of Checksmart's existence, she certainly did not understand its "role in the events giving rise to the claim at issue . . . ." *Id*. In Myers's declaration filed in support of her opposition to summary judgment, Myers indicated that "[e]very identifying feature of the facility from the sign on the building, to the displays inside the store, to the cards

2

identified the place as" California Check Cashing Stores ("CCCS"). She further stated that she "did not know who the persons were firing me worked for CCC[S] or Checksmart. As I look back at being informed that CCC[S] would become Checksmart, I regarded the change of name as cosmetic and of no legal significance to me. I understood both names belonged to the same company so it made little difference to me."

3. To determine whether an amendment "relates back" under Federal Rule of Civil Procedure 15(c)(1)(C), the correct inquiry must focus upon what Checksmart "reasonably should have understood about [Myers']s intent in filing the original complaint against" CCCS. *Id*. at 553-54. The record establishes that Checksmart reasonably should have known within the Federal Rule of Civil Procedure 4(m) period that Myers intended to sue it rather than CCCS. Her original complaint set forth allegations and claims stemming from her alleged wrongful termination. On her last day of employment, Myers worked at a store with signage and other identifying markings as CCCS. CCCS is registered to do business in California, whereas Checksmart is not registered to do business in the state. The address for the two businesses was identical and the person identified to accept notice regarding Fair Employment and Housing Act ("FEHA") claims was "Ashley" for both CCCS and Checksmart.

3

4. Additionally, similar to the facts in *Krupski*, both parties were represented by the same attorney. As such, Checksmart should have known that Myers did not name it as a defendant in her original complaint because of a mistake concerning the proper party's identity. Therefore, the first amended complaint relates back to the filing of the original complaint and Myers's claims were filed before the expiration of the statute of limitations.

5. The magistrate judge also erred in its holding that Myers failed to exhaust her administrative remedies. *See* Cal. Gov't. Code § 12960(d); *see also Carter v. Smith Food King*, 765 F.2d 916, 922 (9th Cir. 1985) (a plaintiff must exhaust administrative remedies before filing a FEHA claim). A plaintiff generally does not exhaust her administrative remedies under the FEHA unless she names the prospective defendant in the body or the caption of the charge. *Medix Ambulance Serv., Inc. v. Superior Court*, 97 Cal. App. 4th 109, 118 (Cal. App. 4th Dist. 2002).

6. While Myers failed to identify Checksmart in either the caption or the body of her charge, she did identify the fictitious business of CCCS, as well as the store's address. She also identified "Ashley" as the individual who informed her of her termination. Ashley was the Human Resources representative for Checksmart, as well as CCCS. This was sufficient to identify Checksmart as her employer. Similar to the facts in *Martinez v. Louis Lau, Inc.*, No. G026937, 2002 WL

4

31772018 (Cal. Ct. App. 4th Dist. Dec. 11, 2002), it is disingenuous for Checksmart to claim that it was unaware of her charge. As the *Martinez* court noted:

> The function of an administrative complaint is to provide the basis for an investigation into an employee's claim of discrimination against an employer, and not to limit access to the courts. A strict rule would harm victims of discrimination without providing legitimate protection to individuals who are made aware of the charges through the administrative proceeding.

2002 WL 31772018, at \*5 (quoting *Martin v. Fisher*, 11 Cal. App. 4th 118, 122 (1992)). As such, Myers properly exhausted her administrative remedies on her FEHA claim.

7. We decline Checksmart's invitation to rule on its substantive arguments, which the magistrate judge did not address. Because we are a reviewing court, we are not inclined to usurp the magistrate judge's power to decide the case in the first instance. *Detrich v. Ryan*, 740 F.3d 1237, 1248-49 (9th Cir. 2013) (en banc).

8. Because the magistrate judge erroneously granted summary judgment in favor of Checksmart, his award of attorney's fees and costs was also erroneous. *See* Cal. Gov't Code § 12965(b) (providing the courts with discretionary authority to award attorney's fees and costs to the prevailing party).

**REVERSED AND REMANDED.**

5