Filed 9/17/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| GLORIA GUZMAN, | B303655 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. BC675851) |
| NBA AUTOMOTIVE, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Los Angeles County Superior Court, Michael P. Linfield, Judge. Affirmed.

McCreary and Duncan J. McCreary for Defendant and Appellant.

Lyon Law, Geoffrey C. Lyon; and Henry Harmeling IV for Plaintiff and Respondent.

# INTRODUCTION

Gloria Guzman timely filed an administrative complaint with the Department of Fair Housing and Employment (DFEH) after her employer, NBA Automotive, Inc. dba Hooman Chevrolet of Culver City (NBA Automotive),[1] terminated her employment. DFEH issued Guzman a right-to-sue letter, and Guzman filed this action against NBA Automotive, alleging wrongful termination and various causes of action under the Fair Employment and Housing Act (Gov. Code, § 12900 et seq.) (FEHA).[2] A jury found in favor of Guzman and awarded her monetary damages, and the trial court entered judgment in her favor.

NBA Automotive appeals from the judgment, challenging the trial court's orders denying its motions for judgment notwithstanding the verdict and for a new trial. NBA Automotive argues Guzman failed to exhaust her administrative remedies under FEHA because her administrative complaint, though it named something very close ("Hooman Chevrolet") to NBA Automotive's correct fictitious business name ("Hooman Chevrolet of Culver City"), it incorrectly identified "Hooman Enterprises, Inc.," rather than "NBA Automotive, Inc.," as the corporation doing business as Hooman Chevrolet of Culver City. Because Guzman's administrative complaint sufficiently identified her employer, she exhausted her administrative

---

[1]     NBA is an initialism for Nissani Brothers Automotive.

[2]     Undesignated statutory references are to the Government Code.

remedies within the statutory limitations period.  Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.      *Guzman Files an Administrative Complaint*

On September 8, 2017 Guzman filed an administrative complaint with DFEH asserting various employment claims, including discrimination, harassment, retaliation, failure to engage in the interactive process, denial of family or medical leave, and denial of reasonable accommodations.  The caption of the complaint named "Hooman Enterprises, Inc." as the respondent, and in the first sentence, under the heading "Additional Complaint Details," Guzman alleged she "was employed by Defendant Hooman Enterprises Inc. DBA Hooman Chevrolet (Employer)" from February 2002 to May 2017 in, among several locations, Culver City.  Guzman also named her supervisors, including "owner Hooman Nissani."  Guzman requested, and DFEH issued the same day, a right-to-sue letter.[3]  DFEH sent Hooman Enterprises, Inc. a copy of Guzman's administrative complaint and the right-to-sue letter.

---

[3]      See Cal. Code Regs., tit. 2, § 10005, subd. (a) ("Any person claiming to be aggrieved by an employment practice made unlawful by the FEHA may forgo having the department investigate a complaint and instead obtain an immediate right-to-sue notice.  A right-to-sue notice issued by the department shall state that the aggrieved party may bring a civil action against the person or entity named in the complaint within one year from the date of the notice.").

B.      *Guzman Files This Action*

On September 14, 2017 Guzman filed this action, naming as defendants "Hooman Enterprises Inc. DBA Hooman Chevrolet; and DOES 1 to 10."  The operative first amended complaint alleged 12 causes of action, including for wrongful termination, retaliation (§ 12940, subd. (h)), disability discrimination (§ 12940, subd. (a)), age discrimination (§ 12940, subd. (a)), failure to make reasonable accommodations (§ 12940, subd. (m)), and failure to engage in the interactive process (§ 12940, subd. (n)).  On January 23, 2018 NBA Automotive, using the name "Hooman Chevrolet of Culver City," filed an answer to Guzman's first amended complaint.

C.      *Guzman Learns the Legal Name of Her Employer and Amends Her Complaint in This Action and Her Administrative Complaint*

Guzman stated (and NBA Automotive did not dispute) that in October 2018 she learned the legal name of NBA Automotive and asked the court to amend the complaint in this action to substitute the "true name" of the defendant, "NBA Automotive, Inc. dba Hooman Chevrolet of Culver City," in place of the "incorrect name" of "Hooman Enterprises, Inc. dba Hooman Chevrolet."  On January 3, 2019 the trial court signed the order amending the complaint.  On April 25, 2019 Guzman filed an amended administrative complaint with DFEH naming "NBA Automotive, Inc." as the respondent and stating in the body of the complaint that her employer was "NBA Automotive, Inc., DBA Hooman Chevrolet."  DFEH accepted the amended complaint and deemed it "to have the same filing date of the original complaint."

4

D.    *A Jury Returns a Split Verdict in Favor of Guzman,*
      *and NBA Automotive Files Motions for Judgment*
      *Notwithstanding the Verdict and for a New Trial*

After a four-day trial, the jury found in favor of Guzman on her causes of action for wrongful termination and retaliation, awarded her $245,892 in damages, and found in favor of NBA Automotive on her causes of action for disability discrimination, failure to provide reasonable accommodation, failure to engage in the interactive process, and age discrimination.[4]  NBA Automotive moved for judgment notwithstanding the verdict on the grounds that "there was an error in law and insufficiency of the evidence to justify the verdict" because the "evidence set forth during trial did not establish that all of the necessary elements of the causes of action were present."  Specifically, NBA Automotive argued Guzman did not comply with section 12960, subdivisions (b) and (d), because she did not file her administrative complaint "within one year of the last allegedly illegal act identifying her employer."  NBA Automotive moved for a new trial on the same grounds, arguing Guzman's "failure [to] file a DFEH Complaint against NBA [Automotive] should have resulted in [Guzman] not prevailing on the causes of action for wrongful termination and retaliation because [she] failed to exhaust her administrative remedies under . . . § 12960(b) [and] (d)."

---

[4]    On August 12, 2019, the first day of trial, NBA Automotive filed a motion for judgment on the pleadings, arguing Guzman failed to exhaust her administrative remedies under FEHA.  On August 15, 2019 the trial court denied the motion.

5

The trial court denied both motions. The court ruled Guzman exhausted her administrative remedies because DFEH "confirmed that the amendment to the DFEH complaint naming the proper defendant applied retroactively to the initial September 8, 2017 filing date." The court also ruled NBA Automotive "was described as a perpetrator of discriminatory acts, [it] would have been put on notice of the charges, and [it] would have had an opportunity to participate, had DFEH investigated." NBA Automotive timely appealed.

## DISCUSSION

NBA Automotive contends the trial court "erred in law" in denying its motions for judgment notwithstanding the verdict and for a new trial because Guzman failed to exhaust her administrative remedies, as required by section 12960, subdivisions (b) and (d).[5] NBA Automotive argues Guzman did not exhaust her administrative remedies because her administrative complaint "identified Hooman Enterprises, Inc.,"

_____

[5] In the "Statement of the Case" section of its brief, NBA Automotive asserts the trial court erred in denying a motion for judgment on the pleadings based on the same exhaustion argument. NBA Automotive, however, does not in its brief provide any argument relating to that motion. Therefore, we do not address it. (See *Dinslage v. City and County of San Francisco* (2016) 5 Cal.App.5th 368, 377, fn. 3 ["'we do not consider . . . the loose and disparate arguments that are not clearly set out in a heading and supported by reasoned legal argument'"]; Cal. Rules of Court, rule 8.204(a)(1)(B) [a brief must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority].)

rather than "NBA Automotive, Inc. dba Hooman Chevrolet of Culver City," as her employer. Because NBA Automotive's expansive view of the exhaustion requirement under FEHA is incorrect, the trial court did not err in denying the motions for judgment notwithstanding the verdict and for a new trial.

A. *Standards of Review*

"'A motion for judgment notwithstanding the verdict may be granted only if it appears from the evidence, viewed in the light most favorable to the party securing the verdict, that there is no substantial evidence in support. [Citation.] [¶] . . . As in the trial court, the standard of review [on appeal] is whether any substantial evidence—contradicted or uncontradicted—supports the jury's conclusion.'" (*Cabral v. Ralphs Grocery Co.* (2011) 51 Cal.4th 764, 770; see *Webb v. Special Electric Co., Inc.* (2016) 63 Cal.4th 167, 192; *Morgan v. J-M Mfg. Co., Inc.*, (2021) 60 Cal.App.5th 1078, 1085.) But where the "sole question before us . . . is one of law" and the "jury . . . was not asked to resolve any factual questions bearing on the question," we "address the issue under a de novo standard of review." (*Sweatman v. Department of Veterans Affairs* (2001) 25 Cal.4th 62, 68; see *Brown v. City of Sacramento* (2019) 37 Cal.App.5th 587, 598 ["to the extent a motion for judgment notwithstanding the verdict raises legal issues such as the application of law to undisputed facts . . . , we review the trial court's ruling on the motion de novo"]; *Wolf v. Walt Disney Pictures & Television* (2008) 162 Cal.App.4th 1107, 1138 [same].)

We generally review orders granting or denying a motion for a new trial for abuse of discretion. (See *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 859; *Denton v. City and County of San Francisco* (2017) 16 Cal.App.5th 779, 794.) But

7

"any determination underlying any order is scrutinized under the test appropriate to such determination." (*Aguilar*, at p. 859; accord, *Tun v. Wells Fargo Dealer Services, Inc.* (2016) 5 Cal.App.5th 309, 323.) Here, because whether Guzman exhausted her administrative remedies is a question of law (see *Foster v. Sexton* (2021) 61 Cal.App.5th 998, 1023), we review the trial court's ruling de novo. (See *Aguilar*, at p. 860 [superior court's order granting a new trial "was predicated, specifically, on its determination that . . . it made an error in law," which "is itself scrutinized de novo"]; *Estill v. County of Shasta* (2018) 25 Cal.App.5th 702, 708 ["[b]ecause the trial court granted [the plaintiff] a new trial based on a question of law, we review the order de novo"].)

### B. *The Exhaustion Requirement Under FEHA*

"In enacting the FEHA, California's Legislature sought to safeguard the rights of all persons to seek, obtain, and hold employment without discrimination on account of various characteristics, including race, national origin, physical disability, and medical condition." (*Salas v. Sierra Chemical Co.* (2014) 59 Cal.4th 407, 420; see § 12920; *Pollock v. Tri-Modal Distribution Services, Inc.* (2021) 11 Cal.5th 918, 934 (*Pollock*); *Saavedra v. Orange County Consolidated Transportation etc. Agency* (1992) 11 Cal.App.4th 824, 828 (*Saavedra*).) "Section 12960 delineates the procedures by which aggrieved employees are to state their complaints." (*Saavedra*, at p. 826.) Section 12960, former subdivision (b),[6] stated: "Any person claiming to

---

[6] "Effective January 1, 2020, former section 12960, subdivision (b) was redesignated without material change as

8

be aggrieved by an alleged unlawful practice may file with [DFEH] a verified complaint, in writing, that shall state the name and address of the person, employer, labor organization, or employment agency alleged to have committed the unlawful practice complained of, and that shall set forth the particulars thereof and contain other information as may be required by the department." (See *Clark v. Superior Court* (2021) 62 Cal.App.5th 289, 299 (*Clark*).) "[S]ection 12960, former subdivision (d) requires litigants seeking relief under the FEHA to file an administrative complaint with the DFEH within one year 'from the date upon which the alleged unlawful practice . . . occurred.'" (*Pollock*, at p. 929; see *Alexander v. Community Hospital of Long Beach* (2020) 46 Cal.App.5th 238, 250 (*Alexander*).)[7]

"Once the DFEH receives an aggrieved person's complaint, it must investigate the alleged unlawful practice and determine whether it can resolve the matter 'by conference, conciliation, and persuasion.' [Citation.] If such measures fail, the department may issue an accusation to be heard by the Fair Employment and Housing Commission. [Citations.] If that council finds a violation, it may issue a cease and desist order and grant other appropriate relief. [Citation.] If the department issues no accusation, it must give the aggrieved person notice and a right-to-sue letter. [Citation.] The aggrieved person may, within one

---

section 12960, subdivision (c)." (*Clark v. Superior Court* (2021) 62 Cal.App.5th 289, 299, fn. 11.)

[7] Effective January 1, 2020, the Legislature amended section 12960 to "enlarge[ ] the time for filing a [DFEH] claim to three years from the date of the challenged conduct." (*Brome v. California Highway Patrol* (2020) 44 Cal.App.5th 786, 793, fn. 2; see § 12960, subd. (e).)

9

year after receiving notice, bring a civil action against the 'person, employer, labor organization, or employment agency' named in the charge." (*Alexander*, *supra*, 46 Cal.App.5th at p. 250.)

"An employee who wishes to file suit under the FEHA 'must exhaust the administrative remedy provided by the statute by filing a complaint with the' DFEH, 'and must obtain from the [DFEH] a notice of right to sue.' [Citation.] 'The timely filing of an administrative complaint' before the DFEH 'is a prerequisite to the bringing of a civil action for damages.'" (*Pollock*, *supra*, 11 Cal.5th at p. 931; accord, *Clark*, *supra*, 62 Cal.App.5th at p. 301.) "The administrative exhaustion requirement is satisfied if FEHA claims in a judicial complaint are "'like and reasonably related to"' those in the DFEH complaint [citation] or 'likely to be uncovered in the course of a DFEH investigation.'" (*Clark*, at p. 301.)

C.  *Guzman Exhausted Her Administrative Remedies*

Guzman complied with the requirements of section 12960, former subdivision (b).  She filed an administrative complaint stating "the name and address of the . . . employer" (§ 12960, former subd. (b)) who she alleged committed the unlawful employment practices described in the complaint.  The administrative complaint unmistakably identified NBA Automotive as the respondent.  Although Guzman did not state NBA Automotive's full correct legal name, she stated that the fictitious business name of her employer was "Hooman Chevrolet," a name virtually identical to "Hooman Chevrolet of Culver City," NBA Automotive's actual fictitious business name. In addition, Guzman's administrative complaint listed the

10

address of Hooman Chevrolet in Culver City and named the owner (Hooman Nissani). (See *Clark, supra*, 62 Cal.App.5th at pp. 305-306 [plaintiff sufficiently identified her employer where the caption of the administrative complaint had names that were "very similar" to the employer's "actual fictitious business name," and "any administrative investigation into [her] DFEH Complaint would have certainly identified [the employer] as an intended respondent"]; *Saavedra, supra*, 11 Cal.App.4th at p. 827 [plaintiff could maintain a cause of action against her supervisor, even though she had not named him in her administrative complaint (and named only the agency that employed her), because he "was the only person with whom [the plaintiff] dealt" and "[h]is actions were those of [the employer]"]; see also *Myers v. Checksmart Financial, LLC* (9th Cir. 2017) 701 Fed.Appx. 588, 590 [plaintiff sufficiently identified her employer by stating the fictitious business name and address of the store where she worked]; *Thompson v. George DeLallo Co., Inc.* (E.D.Cal. Jan. 16, 2013, No. Civ. S-12-1058 LKK/CMK) 2013 WL 211204, p. 9 [plaintiff exhausted his administrative remedies under FEHA where, even though the administrative complaint did not name the proper defendant, "the charge properly identifie[d] the fictitious business name of his employer and was mailed to the facility at which he was employed"]; see generally *Hawkins v. Pacific Coast Bldg. Products, Inc.* (2004) 124 Cal.App.4th 1497, 1504 [plaintiff was entitled to amend his complaint to state the true name of his employer because "courts have long allowed a plaintiff to correct the name of a defendant who conducts business under a fictitious name after the statute of limitations has run"].)

Guzman also provided a detailed description of her employer, the names of the individuals who engaged in the allegedly discriminatory practices, and a narrative of multiple instances of wrongful conduct spanning 15 years. She also named the supervisors and managers employed by NBA Automotive who took the adverse employment actions against her. Any reasonable investigation would have revealed that NBA Automotive was Guzman's employer. (See *Martin v. Fisher* (1992) 11 Cal.App.4th 118, 122 ["[t]he function of an administrative complaint is to provide the basis for an investigation into an employees' claim of discrimination against an employer, and not to limit access to the courts"]; *Valdez v. City of Los Angeles* (1991) 231 Cal.App.3d 1043, 1060 [same].)[8] To allow NBA Automotive to escape liability for discriminatory conduct merely because Guzman identified her employer administratively with a name that was nearly the same as, but not quite identical to, her employer's actual fictitious business name would be contrary to the purposes of FEHA. (See § 12993, subd. (a) ["[t]he provisions [of FEHA] shall be construed liberally for the accomplishment of the purposes of" FEHA]; *Pollock*, *supra*, 11 Cal.5th at pp. 934-935 ["'section 12960 should not be

---

[8] The regulations governing DFEH require it to "liberally construe all complaints to effectuate the purpose of the laws the department enforces to safeguard the civil right of all persons to seek, obtain and hold employment without discrimination." (Cal. Code Regs., tit. 2, § 10003; see *Clark*, *supra*, 62 Cal.App.5th at p. 306; see also *Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 268 ["what is submitted to the DFEH must not only be construed liberally in favor of plaintiff, it must be construed in light of what might be uncovered by a reasonable investigation"].)

interpreted to impose serious practical difficulties on an employee's ability to vindicate' the right to hold employment without experiencing discrimination or harassment"]; *Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 493-494 ["the limitations period set out in the FEHA should be interpreted so as to promote the resolution of potentially meritorious claims on the merits"].)

The information in Guzman's administrative complaint also gave NBA Automotive sufficient notice that she was naming it in her administrative complaint and would name it in her subsequent civil action, both of which, as well as the right-to-sue letter, NBA Automotive does not dispute it received. NBA Automotive had all the information it needed to participate in any administrative efforts to resolve the matter informally (had Guzman not requested a right-to-sue letter) and to engage in settlement discussions once Guzman filed this action. (See *Wills v. Superior Court* (2011) 195 Cal.App.4th 143, 156 ["The purpose of FEHA's administrative exhaustion requirement is to ensure DFEH is provided the opportunity to resolve disputes and eliminate unlawful employment practices through conciliation."]; *Saavedra*, *supra*, 11 Cal.App.4th at p. 827 [although the plaintiff did not name her supervisor in the administrative complaint, he "was put on notice and had an opportunity to pursue a 'voluntary settlement had he so desired'"].)

Nor does NBA Automotive contend Guzman's failure to state its correct legal name in her original administrative complaint prejudiced its defense in any way. NBA Automotive filed an answer to Guzman's complaint in this action under its fictitious business name, conducted discovery, and defended against Guzman's causes of action at trial (even prevailing on

13

some).  Indeed, NBA Automotive refrained from using its true legal name until after Guzman learned it nine months later in discovery (apparently after filing a successful motion to compel on the issue).  Such gamesmanship suggests that NBA Automotive knew Guzman intended to identify it in her administrative complaint and that NBA Automotive tried to deprive Guzman of her right to pursue her claims against the company for its unlawful employment conduct.  (See *Clark*, *supra*, 62 Cal.App.5th at p. 293 ["FEHA's exhaustion requirement should not be interpreted as a "'procedural gotcha"'"].)  And even if, as NBA Automotive suggests, it is "wholly unrelated" to Hooman Enterprises, Inc., NBA Automotive was very much related to Hooman Chevrolet, the name that appears in Guzman's administrative complaint.  Which the evidence at trial confirmed:  NBA Automotive's service manager testified the name "Hooman Chevrolet" was on the building where he and Guzman worked, and NBA Automotive's general manager testified he was the general manager at "Hooman Chevrolet."[9]

*Cole v. Antelope Valley Union High School Dist.* (1996) 47 Cal.App.5th 1505, on which NBA Automotive relies, is distinguishable.  In that case the court held the plaintiff did not exhaust his administrative remedies before filing an action against two of his supervisors because those supervisors "were not mentioned in the administrative charge at all."  (*Id.* at p. 1511.)  The plaintiff named in the caption and body of the

---

[9]    The general manger also testified his employer was "Nissani Brothers Automotive," indicating he viewed the two entities as related, if not the same.

14

complaint only the school district that employed him and a different supervisor. (*Id.* at p. 1509.) Unlike the plaintiff in *Cole*, who sought to sue individuals who were not identified in the administrative complaint, Guzman made clear she intended to sue her employer, whom she knew by the name Hooman Chevrolet; she did not seek to sue supervisors in their individual capacities or any entity other than her true employer. (Cf. *Alexander*, *supra*, 46 Cal.App.5th at pp. 243, 251 [plaintiffs' failure to mention anywhere in their administrative complaint a corporation that was separate from the named respondents precluded "their bringing a civil FEHA action against it"]; *Valdez v. City of Los Angeles*, *supra*, 231 Cal.App.3d at pp. 1060-1061 [plaintiff's failure to name in his administrative complaint certain supervisors and managers precluded him from bringing a civil action against them individually].)[10]

---

[10] Because Guzman exhausted her administrative remedies by filing her original administrative complaint, we do not decide whether, as NBA Automotive contends, the trial court erred in ruling DFEH properly allowed Guzman to amend her administrative complaint. (See *Clark*, *supra*, 62 Cal.App.5th at p. 310, fn. 25 [because the plaintiff exhausted her administrative remedies when she filed her original complaint, "her failure to amend her DFEH Complaint to state [her employer's] proper legal name prior to the trial court's granting of summary adjudication is immaterial"].) In addition, the trial court did not err in denying NBA Automotive's motion for a new trial for the same reasons it did not err in denying NBA Automotive's motion for judgment notwithstanding the verdict.

15

## DISPOSITION

The judgment is affirmed.  Guzman is to recover her costs on appeal.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.