Filed 3/19/21

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ALICIA CLARK, | D077711 |
| Petitioner, | |
| | (San Diego County |
| | Super. Ct. No. 37-2018-00026654- |
| v. | CU-WT-CTL) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| ARTHROSCOPIC & LASER SURGERY CENTER OF SAN DIEGO, L.P., | |
| Real Party in Interest. | |

PETITION for writ of mandate from the Superior Court of San Diego County, Timothy Taylor, Judge. Petition granted.

Lyon Law and Geoffrey C. Lyon for Petitioner.

No appearance for Respondent.

Hickman Robinson Yaege and Kyle E. Yaege for Real Party in Interest.

# INTRODUCTION

In this writ proceeding, we consider whether petitioner, Alicia Clark, exhausted her administrative remedies under the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12940 et seq.)[1] prior to bringing this action against her former employer, real party in interest, Arthroscopic & Laser Surgery Center of San Diego, L.P. (ALSC).

Clark filed an administrative complaint with the Department of Fair Employment and Housing (DFEH) (DFEH Complaint) that alleged that her former employer had committed various acts of employment discrimination against her.  While Clark's DFEH Complaint contained an inaccuracy as to ALSC's legal name, it clearly and unequivocally reflected Clark's intent to name ALSC as a respondent.  Specifically, Clark's DFEH Complaint named, as respondents, "Oasis Surgery Center LLC," and "Oasis Surgery Center, LP," which are variants of ALSC's registered business name, "Oasis Surgery Center."  In addition, Clark's DFEH Complaint referenced the names of her managers, supervisors, and coworkers.

The same day that Clark filed her DFEH Complaint, the DFEH issued a right-to-sue notice and Clark filed this action against "Oasis Surgery Center LLC," and "Oasis Surgery Center, LP."  One week after filing her DFEH Complaint and the initial complaint in this action, Clark filed an amended complaint in this action, properly naming ALSC as a defendant.

Notwithstanding that Clark's DFEH Complaint clearly identified her former employer as the intended respondent, the trial court granted ALSC's motion for summary adjudication as to all of Clark's FEHA claims brought

---

[1] Unless otherwise specified, all subsequent references are to the Government Code.

2

against it because Clark "named the wrong entity in her DFEH [C]omplaint, and . . . never corrected that omission." Clark then filed a petition for writ of mandate in this court, requesting that we vacate the trial court's order granting ALSC's motion for summary adjudication.

After considering the text and purpose of the relevant statutory exhaustion requirement, administrative regulations, and applicable case law, we conclude that Clark exhausted her administrative remedies against ALSC. FEHA's exhaustion requirement should not be interpreted as a " 'procedural gotcha' " (*People v. Matthews* (2019) 32 Cal.App.5th 792, 798) that absolves an alleged perpetrator of discrimination from all potential liability merely because a plaintiff makes a minor mistake in naming the respondent in an administrative complaint when the intended respondent's identity is clear. This is particularly true in a case such as this, in which the plaintiff's error could not possibly have hampered any administrative investigation or prejudiced the defendant in any judicial proceedings. Accordingly, we grant Clark's writ petition and direct the trial court to vacate its order granting ALSC's motion for summary adjudication.

II.

FACTUAL AND PROCEDURAL BACKGROUND

A. *The DFEH proceedings*

1. *Clark's DFEH Complaint*

On May 30, 2018, Clark, through her counsel, filed her DFEH Complaint. In the caption of her DFEH Complaint, Clark listed "Oasis Surgery Center LLC," "Oasis Surgery Center, LP" and, an individual, Michael Reibold, as respondents. Clark claimed that she was a former employee of Oasis Surgery Center LLC and Oasis Surgery Center, LP and that Reibold was her former manager and supervisor. Clark stated that

3

respondents had taken numerous "adverse actions" against her, and that she had suffered harassment, discrimination, and retaliation in the workplace. Clark also alleged that several individuals working with her, including Reibold and Dr. Douglas Wemmer, had engaged in various discriminatory acts against her.

In addition to Reibold, Clark's DFEH Complaint referred, by name, to several other managers and supervisors for whom she worked. She also stated her job title, her period of employment, and the names of numerous individuals alleged to have information related to her claims.

### 2. *DFEH's Right-to-Sue Notice*

Pursuant to Clark's request, DFEH issued an immediate right-to-sue notice on the same day that she filed her DFEH Complaint.[2] The caption of the notice stated in relevant part, "Right to Sue: Clark / Oasis Surgery Center LLC et al." (Some capitalization omitted.) The notice stated in relevant part:

> "This letter informs you that the above-referenced complaint [that] was filed with the . . . DFEH[ ] has been closed effective May 30, 2018 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.
>
> "This letter is also your Right to Sue notice. According to . . . section 12965, subdivision (b), a civil action may be brought under the provisions of the [FEHA] against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter."

---

[2] (See Cal. Code Regs., tit. 2, § 10005 ["(a) Any person claiming to be aggrieved by an employment practice made unlawful by the [Fair Employment and Housing Act] FEHA may forgo having the department investigate a complaint and instead obtain an immediate right-to-sue notice"].)

4

B.  *Proceedings in the trial court*

    1.  *Clark's initial complaint*

Also on May 30, Clark, through her counsel, filed this action against "Oasis Surgery Center LLC," "Oasis Surgery Center, LP" and Reibold. Clark's initial complaint contained numerous FEHA counts against these defendants, including counts alleging race, sex and sexual orientation discrimination, harassment and retaliation.[3]  Clark attached a copy of her DFEH Complaint and the DFEH's right-to-sue notice to her complaint.

    2.  *Clark's first and second amended complaints*

One week later, on June 6, Clark, again through counsel, filed a first amended complaint against ALSC and Reibold.  Clark's amended complaint contained the same FEHA counts as her original complaint.

In January 2019, Clark filed the operative second amended complaint against ALSC, Reibold, and Wemmer.  Clark alleged that ALSC had violated FEHA in counts for harassment based on sex (count 1), harassment based on sexual orientation (count 2), harassment based on race (count 3), discrimination based on sex (count 4), discrimination based on sexual orientation (count 5), discrimination based on race (count 6), discrimination based on disability (count 7), failure to engage in an interactive process to determine a reasonable disability accommodation (count 8), failure to reasonably accommodate disabilities (count 9), retaliation for opposing FEHA violations (count 10), and failure to prevent harassment, discrimination and retaliation (count 11).

---

[3]    The complaint also contained a single count of racial harassment against Reibold (count 3).  However, it appears that, at some point prior to the summary adjudication proceedings at issue in this writ proceeding, Clark agreed to dismiss Reibold from this action.  (See fn. 8, *post*.)

Clark also alleged that ALSC had violated the Labor Code in counts for failure to provide rest breaks (count 12) and whistleblower retaliation (count 13).

Clark alleged count 3 (harassment based on race) against Reibold and Wemmer.[4]

Clark attached a copy of her DFEH Complaint and the DFEH's right-to-sue notice to her second amended complaint.

3. *ALSC and Wemmer's motion for summary judgment and/or adjudication*

In December 2019, ALSC and Wemmer filed a motion for summary judgment and/or adjudication. As relevant to this writ proceeding, ALSC sought summary adjudication as to the remaining FEHA counts in Clark's second amended complaint (counts 1–6, 10, and 11). ALSC argued Clark could not demonstrate that she had exhausted her administrative remedies as required under FEHA because her DFEH Complaint did not refer to ALSC by its proper legal name.[5] ALSC argued, "Summary adjudication is appropriate because Clark has failed to fulfill the mandatory administrative

---

[4] Although it is not entirely clear from the parties' briefs or the record, it appears that Clark agreed to dismiss Reibold, as well as counts 7, 8, and 9, at some point prior to ALSC's December 2019 motion for summary judgment / adjudication. (See fn. 8, *post*.)

[5] Wemmer moved for summary judgment / adjudication of count 3 on the ground that there was not a triable issue of material fact demonstrating that he acted with an improper racial motive. Wemmer did not seek summary judgment or adjudication on exhaustion grounds and he is not a party to these writ proceedings.

ALSC also sought summary adjudication of several counts on the ground that Clark could not demonstrate the existence of an adverse employment action and that it did not have sufficient knowledge of any unlawful conduct.

6

claims process with the DFEH as to ALSC, and as a result of that failure Clark's causes of action Nos. 1-6, and 10-11 should be summarily adjudicated in ALSC's favor." (Some capitalization omitted.)

4. *Clark's opposition*

Clark filed an opposition to ALSC and Wemmer's motion. With respect to ALSC's exhaustion argument, Clark contended in part:

> "[A]lthough [Clark] listed ALSC's [doing business name] instead of its name of record, the complaint still clearly described ALSC and the conduct of its employees and contractors. ALSC did not suffer any harm from [Clark's] failure to include ALSC's legal name in the DFEH complaint because the DFEH did not serve the complaint or the Right-to-Sue notice on any party, and did not perform any investigation, but instead directed [Clark] to serve the notice on all relevant parties and proceed with a civil action. The fact that [Clark], as a lay person, did not understand that she should use ALSC's legal business name in her DFEH complaint instead of its commonly used business name, is not a basis to prevent [Clark] from bringing claims here. [Citation.] Accordingly, Defendants' motion for summary adjudication on the ground of failure to exhaust administrative remedies should be denied." (Fn. omitted.)

5. *The trial court's order granting ALSC's motion for summary adjudication*

In June 2020, after ALSC and Wemmer filed a reply brief and the trial court heard a telephonic oral argument, the trial court granted ALSC's motion for summary adjudication as to counts 1 through 6, 10, and 11. The trial court reasoned in part:

> "Counts . . . 1-6 and 10-11: failure to exhaust administrative remedies under FEHA. Summary adjudication is granted. [Clark] named the wrong entity in her DFEH complaint, and has never corrected that omission [with the DFEH]. Her responses to [the separate

7

statement of facts numbers] 152-154[6] are bereft of citation to any evidence supporting her decision to 'dispute' these items on the Separate Statement. Her accompanying opposition brief does not contain reasoned argument or citation to authority rescuing these claims.[7] [Citation.] Summary adjudication of these claims is therefore appropriate."[8]

## C. *Clark's petition for writ of mandate*

The following month, Clark filed a petition for writ of mandate in this court in which she requested that we vacate the trial court's order granting ALSC's motion for summary adjudication. In a supporting brief, Clark argues that the trial court erred in concluding that she failed to exhaust her administrative remedies against ALSC. Specifically, Clark argues that under California law and analogous federal law, "if a reasonable administrative

---

[6] We discuss ALSC's separate statement of facts, numbers 152 through 154, and Clark's responses thereto in part III.C.2, *post*.

[7] We discuss the trial court's reasoning in this regard in part III.C.2, *post*.

[8] The court denied ALSC's motion for summary judgment and its motion for summary adjudication as to count 13. In light of its ruling granting summary adjudication in favor of ALSC on counts 1 through 6, 10, and 11 on the exhaustion ground, the trial court declined to rule on ALSC's additional grounds for summary adjudication asserted in the motion for summary judgment / adjudication. (See fn. 5, *ante*.) The trial court may rule on those grounds on remand.

The trial court denied Wemmer's motion for summary judgment / adjudication of count 3. In addition, the trial court's summary adjudication order states, "The parties were able to reach a stipulation regarding the dismissal of one party and four counts." While the record is not entirely clear as to the precise nature of the dismissals, and it is not material to the issues in this writ proceeding, it appears that Clark dismissed Reibold and counts 7, 8, 9, and 12 prior to the summary judgment / adjudication proceedings.

8

investigation [into the administrative complaint] would have led the agency to identify the correct employer, then the administrative remedy is deemed exhausted even if the wrong name, or merely a reasonable description of the [employer], is used in the administrative complaint." (Boldface omitted.) Clark maintains that her DFEH Complaint easily met this test.[9]

Pursuant to our request, ALSC filed an informal response to Clark's writ petition. In its informal response, ALSC maintains that Clark failed to exhaust her administrative remedies against it because she failed to use ALSC's legal name in her DFEH Complaint.

After receiving Clark's petition and ALSC's informal response, we issued an order to show cause and stayed all further proceedings in the trial court. We deemed ALSC's response to serve as its return,[10] and Clark filed a reply.

---

[9] Among the exhibits that Clark filed with her petition for writ of mandate seeking vacatur of the trial court's summary adjudication order is a motion for reconsideration and accompanying exhibits that she filed *after* the trial court entered its order granting summary adjudication. As ALSC correctly points out, ordinarily, " '[w]rit review does not provide for consideration of evidence not before respondent court at the time of its ruling.' " (*Bounds v. Superior Court* (2014) 229 Cal.App.4th 468, 478.) Accordingly, we decline to consider Clark's motion for reconsideration and the exhibits accompanying her motion for reconsideration.

[10] Our order to show cause stated, "Absent objection on or before August 17, 2020, the informal response filed by real party in interest will be deemed its return to the order to show cause." ALSC filed no objection.

9

## III.

## DISCUSSION

*The trial court erred in granting ALSC's motion for summary adjudication*

In her writ petition, Clark claims that she exhausted her administrative remedies against ALSC and that the trial court therefore erred in granting ALSC's motion for summary adjudication as to counts 1–6 and 10 and 11 of her second amended complaint.

A. *Law governing a motion for summary adjudication*

A party is entitled to summary adjudication of a cause of action if there is no triable issue of material fact and the party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subds. (c) & (f)(1), (2).) A defendant moving for summary adjudication of a cause of action must show that one or more elements cannot be established or that there is a complete defense. (*Id.*, subd. (p)(2).)

"We review an order on a motion for summary adjudication de novo. [Citation.]" (*Esparza v. Safeway, Inc.* (2019) 36 Cal.App.5th 42, 51.)

B. *Relevant substantive law*

1. *Statutory provisions*

FEHA makes it an unlawful employment practice for an employer (1) to harass or discriminate against an employee based on the employee's sex, sexual orientation, or race; (2) to fail reasonably to investigate a complaint of harassment or discrimination; or (3) to retaliate against an employee for making such a complaint. (§ 12940, subds. (a), (h), (j) & (k).)

"Any person claiming to be aggrieved by an alleged unlawful practice may file with [the DFEH] a verified complaint, in writing, that shall state the name and address of the person, employer, labor organization, or employment agency alleged to have committed the unlawful practice

10

complained of, and that shall set forth the particulars thereof and contain other information as may be required by [the DFEH]." (§ 12960, former subd. (b).)[11]

Section 12965, subdivision (b) specifies that the Department shall issue a right-to-sue notice as follows:

> "If a civil action is not brought by [the DFEH] within 150 days after the filing of a complaint, or if [the DFEH] earlier determines that no civil action will be brought, [the DFEH] shall promptly notify, in writing, the person claiming to be aggrieved that [the DFEH] shall issue, on request, the right-to-sue notice. This notice shall indicate that the person claiming to be aggrieved may bring a civil action under this part against the person, employer, labor organization, or employment agency named in the verified complaint within one year from the date of that notice."

2. *Administrative regulations*[12]

California Code of Regulations, title 2, section 10003 mandates that the DFEH "shall liberally construe all complaints to effectuate the purpose of the laws the department enforces to safeguard the civil right of all persons to seek, obtain and hold employment without discrimination."

California Code of Regulations, title 2, section 10004 defines various types of complaints that may be filed with the DFEH, including the following:

---

11      Effective January 1, 2020, former section 12960, subdivision (b) was redesignated without material change as section 12960, subdivision (c). (Stats. 2019, ch. 709, § 1.) All references to section 12960, subdivision (b) are to the former version of this statute in effect prior to this amendment.

12      Pursuant to section 12930, subdivision (e), DFEH is authorized "[t]o adopt, promulgate, amend, and rescind suitable procedural rules and regulations to carry out the investigation, prosecution, and dispute resolution functions and duties of the [DFEH] . . . ."

11

"(c) Complaint filed to request an immediate right-to-sue notice.  A complaint, which the department does not investigate, filed to request an immediate right-to-sue notice."

California Code of Regulations, title 2, section 10005 outlines the requirements for obtaining a right-to-sue notice.  Subdivision (a) provides that a person may obtain an "immediate" right-to-sue notice, i.e., a right-to-sue notice issued without the DFEH conducting any investigation into the alleged discrimination:

"(a) Any person claiming to be aggrieved by an employment practice made unlawful by the FEHA may forgo having the department investigate a complaint and instead obtain an immediate right-to-sue notice.  A right-to-sue notice issued by the department shall state that the aggrieved party may bring a civil action against the person or entity named in the complaint within one year from the date of the notice."  (Cal. Code Regs., tit. 2, § 10005, subd. (a).)

California Code of Regulations, title 2, section 10005, subdivision (d) describes the requirements for obtaining an immediate right-to-sue notice and provides in relevant part:

"To obtain an immediate right-to-sue notice . . .  an aggrieved person shall file a right-to-sue complaint with the department containing the following:

"(1) complainant's name and, where available, address, telephone number and e-mail address;

"(2) respondent's name, address and, where available, telephone number and e-mail address.  If applicable, the job title and/or capacity in which the respondent is being named also shall be included;

"(3) a description of the alleged act or acts of discrimination, harassment or retaliation;

12

"(4) the date or dates each alleged act of discrimination, harassment or retaliation occurred, including the date of the last or most recent alleged act;

"(5) each protected basis upon which the alleged discrimination or harassment was based;

"(6) for retaliation complaints, the date and type of protected activity in which the complainant engaged;

"(7) the complainant's declaration, made under penalty of perjury under the laws of the State of California, that to the best of the complainant's knowledge all information stated is true and correct, except matters stated on information and belief, which the complainant believes to be true . . . ."[13]

3. *California case law*

a. *FEHA exhaustion*

Courts have interpreted sections 12960, subdivision (b) and 12965, subdivision (b) to require that [b]efore filing a civil action alleging FEHA violations, an employee must exhaust his or her administrative remedies with DFEH. [By] fil[ing] an administrative complaint with DFEH identifying the conduct alleged to violate FEHA." (*Wills v. Superior Court* (2011) 195 Cal.App.4th 143, 153 (*Wills*); *Rojo v. Kliger* (1990) 52 Cal.3d 65, 83 (*Rojo*) ["exhaustion of the FEHA administrative remedy is a precondition to bringing a civil suit on a statutory cause of action" (italics omitted)].)

In *Rojo*, the California Supreme Court described the purpose of the FEHA exhaustion doctrine as follows:

"In cases appropriate for administrative resolution, the exhaustion requirement serves the important policy interests embodied in the act of resolving disputes and

---

[13] California Code of Regulations, title 2, section 10005, subdivision (d)(8) and (9) specifies the manner by which the complaint may be signed.

13

eliminating unlawful employment practices by conciliation [citation], as well as the salutory goals of easing the burden on the court system, maximizing the use of administrative agency expertise and capability to order and monitor corrective measures, and providing a more economical and less formal means of resolving the dispute [citation]. By contrast, in those cases appropriate for judicial resolution, as where the facts support a claim for compensatory or punitive damages, the exhaustion requirement may nevertheless lead to settlement and serve to eliminate the unlawful practice or mitigate damages and, in any event, is not an impediment to civil suit, in that the [DFEH's] practice evidently is to issue a right-to-sue letter (§ 12965) at the employee's request as a matter of course [citations]." (*Rojo, supra*, 52 Cal.3d at pp. 83–84.)

### b. *General FEHA exhaustion standard*

The administrative exhaustion requirement is satisfied if FEHA claims in a judicial complaint are " 'like and reasonably related to' " those in the DFEH complaint (*Wills, supra*, 195 Cal.App.4th at p. 154) or "likely to be uncovered in the course of a DFEH investigation" (*Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1617.)

### c. Valdez *and its progeny*

In *Valdez v. City of Los Angeles* (1991) 231 Cal.App.3d 1043 (*Valdez*), the Court of Appeal considered, as a matter of first impression, "the question whether a civil suit is permissible against a party not named in a complaint filed with the [DFEH]." (*Id.* at p. 1060.) The *Valdez* court acknowledged that prior case law had established that "the function of an administrative complaint [is] to provide the basis for an investigation into an employee's claim of discrimination and not as a 'limiting device.' " (*Ibid.*) However, the *Valdez* court stated that it "dr[e]w a distinction between a failure to include with specificity *all* charges of discrimination in an administrative complaint and the failure to name as defendants those persons known, or obtainable

14

through reasonable diligence, to have perpetrated or inflicted the discrimination and who are sought to be held individually accountable in a suit at law." (*Ibid.*) The *Valdez* court explained its reasoning for drawing such a distinction as follows:

> "It is consonant with the [FEHA] to liberally construe allegations that are general in nature. On the other, it is equally consonant with the act to require the exhaustion of administrative remedies (by charging all those who are sought to be accountable) to enable a speedy resolution of violations of the act without the delays attendant to a lengthy civil trial. For a claimant to withhold naming of known or reasonably obtainable defendants at the administrative complaint level is neither fair under the act in its purpose of advancing speedy resolutions of claims nor fair to known, but unnamed individuals, who at a later date are called upon to 'personally' account in a civil lawsuit without having been afforded a right to participate at the administrative level." (*Id.* at p. 1061.)

Several courts have followed *Valdez* in concluding that where a plaintiff fails to name a defendant in either the body or caption of a DFEH complaint, the plaintiff has failed to exhaust his administrative remedy against that defendant. (See *Cole v. Antelope Valley Union High School Dist.* (1996) 47 Cal.App.4th 1505, 1515 (*Cole*); *Alexander v. Community Hospital of Long Beach* (2020) 46 Cal.App.5th 238, 251 (*Alexander*) ["Under *Cole* and *Valdez*, plaintiffs' failure even to mention [defendant] in their DFEH complaint is fatal to their right to bring a civil FEHA action against it"]; *Medix Ambulance Service, Inc. v. Superior Court* (2002) 97 Cal.App.4th 109, 118 (*Medix*) [concluding that plaintiff failed to exhaust FEHA administrative remedy against two defendants in case in which "[p]laintiff neither listed [defendants] in the administrative charge as an 'employer' or 'person' against

15

whom the claim was made, nor did she name them in the body of the complaint form as the alleged perpetrators"].)

The *Cole* court, like the court in *Valdez*, looked to the purposes of the exhaustion doctrine in concluding that a plaintiff had failed to exhaust his administrative remedies against two individual defendants because he had not named the defendants in either "the caption or body of the DFEH charge." (*Cole, supra*, 47 Cal.App.4th at p. 1515.) In reaching this conclusion, the *Cole* court provided a detailed overview of the administrative process for resolving DFEH complaints (*id.* at pp. 1513–1514), and reasoned that "the Legislature insured that the administrative investigation, conciliation attempts, and evidentiary proceedings would encompass the entire sphere of the alleged discrimination." (*Id.* at p. 1514.) According to the *Cole* court:

> "To allow a complainant to sue individuals in a state court action on a FEHA cause of action without having brought them within the scope of the comprehensive administrative process by naming them as perpetrators of discrimination at the outset would undermine the purposes of the fair employment statute. The Legislature certainly did not intend that the administrative process should be circumvented by allowing a civil lawsuit under the FEHA against individuals who allegedly discriminated but who were not mentioned in the administrative charge."[14]
> (*Ibid.*)

---

14    In contrast, the *Cole* court concluded that the plaintiff's "lawsuit [was] viable as against [a third defendant (Rossi)] because [Rossi] was named in the body of the administrative charge as a person who discriminated against plaintiff." (*Cole, supra*, 47 Cal.App.4th at p. 1511.) The *Cole* court reasoned, "If there had been an administrative investigation, Mr. Rossi would have been put on notice of the charges, and would have had an opportunity to participate." (*Ibid.*)

Similarly, in *Alexander*, the court found no basis "to carve an equitable exception out of mandatory statutory language where an unnamed defendant receives actual notice of a FEHA complaint," because the purposes of the exhaustion doctrine would not be served by the creation of such an exception. (*Alexander, supra*, 46 Cal.App.5th at p. 251.) The *Alexander* court reasoned:

> "[T]he DFEH, for one, had no notice that plaintiffs intended to accuse [defendant], and thus had no opportunity to contact [defendant], investigate its involvement in the alleged unlawful practice, or seek to resolve the matter by conference, conciliation, and persuasion. Further, even though [defendant] may have known . . . that plaintiffs *could* have named it in their administrative complaint, [defendant] was entitled to rely on their failure to do so as evidence that they did not intend to pursue a civil complaint against it, at least not until they had filed new administrative complaints." (*Id.* at pp. 251–252.)

> d. A *plaintiff exhausts her administrative remedies by identifying a defendant, even if not by name, as the alleged perpetrator of discrimination in a DFEH complaint*

In *Martin v. Fisher* (1992) 11 Cal.App.4th 118 (*Martin*), the court distinguished *Valdez* and concluded that a plaintiff who failed to name a defendant "as a charged party [in the plaintiff's DFEH complaint] or to obtain a right-to-sue letter naming him," could nevertheless maintain a civil action against that defendant because plaintiff had named the defendant "in the body of her charge of discrimination with [DFEH]." (*Id.* at p. 119.) After reviewing federal cases considering exhaustion requirements under federal law, the *Martin* court concluded that none of the federal cases supported the conclusion that the plaintiff had failed to exhaust her administrative remedies under these circumstances:

> "None of the . . . federal authorities takes the hard line proposed by respondent and amicus curiae on his behalf,

17

that only a party named in the caption of the administrative complaint may be sued, regardless of any other circumstances.  The reasons are apparent.  *The function of an administrative complaint is to provide the basis for an investigation into an employee's claim of discrimination against an employer, and not to limit access to the courts.*  A strict rule would harm victims of discrimination without providing legitimate protection to individuals who are made aware of the charges through the administrative proceeding.  If they are described in the charge as the perpetrators of the harm, they can certainly anticipate they will be named as parties in any ensuing lawsuit." (*Id.* at p. 122, italics added.)

In *Saavedra v. Orange County Consolidated Transportation etc. Agency* (1992) 11 Cal.App.4th 824 (*Saavedra*), plaintiff's former employer, CTSA, and her former supervisor, Greg Winterbottom, moved for summary adjudication on two of plaintiff's counts in her complaint[15] on the ground that plaintiff "had not named Winterbottom in her DFEH complaint." (*Id.* at p. 826.)  The trial court granted the motion for summary adjudication as to these two counts. (*Ibid.*)  After a jury rendered a verdict against plaintiff on a remaining cause of action, plaintiff filed an appeal, raising a single issue: "[Plaintiff] should have been able to proceed against Winterbottom despite her failure to specifically name him in the administrative complaint." (*Ibid.*)

In considering this issue, the *Saaverda* court described plaintiffs' DFEH complaint as follows:

> "[Plaintiff's] [DFEH] complaint named CTSA as the agency which committed the unlawful practice.  Winterbottom was not delineated as an offending party but he was described as the individual who 'demoted [her] for nonperformance . . . .'  He said her 'job was no longer

---

15    One of the counts was for employment discrimination (§ 12940) and the other was for intentional infliction of emotional distress.  Both counts were alleged against both CTSA and Winterbottom.

18

available . . . .' " (*Saavedra, supra*, 11 Cal.App.4th at p. 827.)

In determining whether plaintiff's DFEH complaint exhausted her administrative remedies, the *Saaverda* court quoted the same block quotation from *Martin* as quoted *ante,* and stated:

> "And so it is here. Winterbottom was the only individual identified in the administrative complaint. He was the only person with whom Saavedra dealt. His actions were those of CTSA. He was put on notice and had an opportunity to pursue a 'voluntary settlement had he so desired.' (*Martin v. Fisher, supra*, [11 Cal.App.4th at p. 122].)" (*Saaverda, supra*, 11 Cal.App.4th at p. 827.)

C. *Application*

   1. *Clark exhausted her administrative remedies against ALSC*

In determining whether Clark exhausted her administrative remedies under sections 12960, subdivision (b) and 12965, subdivision (b), we begin by observing that, as a practical matter, *there was no administrative process to exhaust*, because Clark requested and received an immediate right-to-sue notice in this case pursuant to California Code of Regulations, title 2, section 10005 on the same day that she filed her DFEH Complaint.[16] (Cf. *Rickards v. United Parcel Service, Inc.* (2012) 206 Cal.App.4th 1523, 1529 [noting that DFEH has made clear that "requests for an immediate right-to-sue letter are accepted from complainants who have decided to go directly to court without an investigation by DFEH"].) However, even assuming that a plaintiff can be held to have failed to exhaust her administrative remedies even where she is permitted by law to forego the entirety of the administrative process (apart

---

[16]   In issuing Clark's right-to-sue notice, the DFEH stated, "This case is not being investigated by DFEH and is being closed immediately."

from the filing of an administrative complaint),[17] we conclude that Clark exhausted her administrative remedies against ALSC in this case.

To begin with, Clark's DFEH Complaint clearly and unmistakably identified ALSC as an intended respondent, even though it did not use ALSC's legal name. The caption of Clark's DFEH Complaint named "Oasis Surgery Center LLC," and "Oasis Surgery Center, LP" as respondents — names that are very similar to ALSC's actual fictitious business name, "Oasis Surgery Center."[18] Further, no reasonable person could think that Clark intended to identify an entity *other* that ALSC as a respondent, since the body of Clark's DFEH Complaint named her managers, supervisors, coworkers, job title, and period of employment at ALSC. Thus, any administrative investigation into Clark's DFEH Complaint would have certainly identified ALSC as an intended respondent, particularly since DFEH is mandated to "liberally construe all complaints to effectuate the purpose of the laws the department enforces . . . ." (Cal. Code Regs, tit. 2, § 10003; accord, *Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 268 ["what is submitted to the DFEH must not only be construed liberally in favor of plaintiff, it must be construed in light of what might be uncovered by a reasonable investigation"].))

Moreover, because any administrative investigation into Clark's DFEH Complaint would have revealed ALSC as an intended respondent, Clark's DFEH Complaint also fully served the purpose of the FEHA administrative

---

[17]    Neither party has cited any case law discussing the interaction between the exhaustion doctrine and the availability of the immediate right-to-sue notice under California law, and our research has uncovered no such case law.

[18]    It is also undisputed that ALSC is a limited partnership.

exhaustion doctrine, i.e., to give the administrative agency an opportunity to investigate and conciliate the claim. (*Rojo, supra*, 52 Cal.3d at p. 83; *Martin, supra*, 11 Cal.App.4th at p. 122 ["The function of an administrative complaint is to provide the basis for an investigation into an employee's claim of discrimination against an employer, and not to limit access to the courts"].)

Our conclusion that Clark's DFEH Complaint exhausted her administrative remedies against ALSC is also supported by the Court of Appeal's decision in *Saavedra, supra*, 11 Cal.App.4th 824. In *Saaverda*, the court considered whether a plaintiff was permitted to bring a lawsuit against a defendant alleging a violation of FEHA, "despite her *failure* to specifically name him in the administrative complaint." (*Id.* at p. 826, italics added.) The *Saaverda* court concluded that, notwithstanding that the individual defendant was "*not* delineated as an offending party" (*id.* at p. 827, italics added), the plaintiff could sue the defendant since he was "*identified* in the administrative complaint" as the person who had discriminated against plaintiff. (*Id.* at p. 827, italics added.) (See also Chin et al., Cal. Prac. Guide Employment Litigation (The Rutter Group 2020) ch. 16-A, § 16-316 (hereinafter "Employment Litigation") ["[P]ersons identified although not named: Even if *not named* as the offending party in the DFEH complaint, an individual *described* in the body of the complaint as a perpetrator of discriminatory acts is subject to suit under the FEHA. Rationale: If the DFEH had investigated, that individual would have been put on notice of the charges, and would have had an opportunity to participate" (italics altered), citing, *inter alia, Saavedra, supra*, 11 Cal.App.4th at pp. 826–828].)[19]

***

[19] In both *Medix, supra*, 97 Cal.App.4th 109 and *Alexander, supra*, 46 Cal.App.5th 238, the courts stated that the plaintiff in *Saaverda had* named the individual defendant in the body of her DFEH complaint. (See *Medix*, at p. 117 [stating that in *Saaverda* "plaintiff filed an administrative

The reasoning in *Saaverda* would seem to apply with equal force where the employer is a partnership or a corporate entity, rather than an individual; as long as the DFEH complaint *identifies* the complainant's employer as having discriminated against complainant, we see no basis for precluding the complainant from bringing a lawsuit against that employer even if the employer is not *referred to by its proper legal name* in the DFEH complaint. This is particularly true since there is no textual basis for treating *persons* and *employers* differently for purposes of FEHA's exhaustion requirement. (See § 12960, subd. (c) ["Any person claiming to be aggrieved by an alleged unlawful practice may file with [DFEH] a verified complaint, in writing, that shall state the name and address of the *person*, *employer*, labor organization, or employment agency alleged to have committed the unlawful practice complained of"]; § 12965, subd. (b) ["the person claiming to be aggrieved may bring a civil action under this part against the *person*,

complaint which . . . named an individual in the body of the complaint"]; *Alexander*, at p. 251 [stating that in *Saavedra*, "the offending individual was named in the body of a DFEH complaint"].) However, neither the *Medix* nor *Alexander* courts provided a pin citation to *Saaverda* to support their assertions.

We read *Saaverda*, as does the Employment Litigation treatise, to state that the plaintiff in that case had *not* named the individual defendant in her DFEH Complaint. (See, e.g., *Saavedra, supra*, 11 Cal.App.4th at p. 826 [noting that defendants moved for summary adjudication on ground that plaintiff "had *not* named Winterbottom in her DFEH complaint"], *ibid.* [stating "[Plaintiff] raises only one issue on appeal: She should have been able to proceed against [individual defendant] Winterbottom despite her *failure* to specifically name him in the administrative complaint" (italics added)]; *id.* at p. 827 [concluding that notwithstanding that Winterbottom was "*not* delineated as an offending party," plaintiff could sue Winterbottom because he was "*identified* in the administrative complaint" as having discriminated against plaintiff (italics added)].)

22

*employer*, labor organization, or employment agency named in the verified complaint within one year from the date of that notice" (italics added)]).

Federal courts applying *California* law have also concluded that a plaintiff may exhaust his or her administrative remedies against a defendant despite failing to properly state the defendant's name in a DFEH complaint. For example, in *Myers v. Checksmart Financial, LLC* (9th Cir. 2017) 701 Fed.Appx. 588,[20] the United States Court of Appeals for the Ninth Circuit concluded that a plaintiff had exhausted her administrative remedies under the following circumstances:

> "While [plaintiff] failed to identify Checksmart in either the caption or the body of her charge, she did identify the fictitious business of CCCS, as well as the store's address. She also identified 'Ashley' as the individual who informed her of her termination.  Ashley was the Human Resources representative for Checksmart, as well as CCCS.  This was sufficient to identify Checksmart as her employer." (*Id.* at p. 590.)

Similarly, in *Thompson v. George DeLallo Co., Inc.* (E.D.Cal., Jan. 16, 2013, CIV. S-12-1058 LKK/CMK) 2013 U.S. Dist. Lexis 6838, the federal court considered California case law and concluded that a plaintiff had exhausted his FEHA remedies against his employer, notwithstanding that "the FEHA charge [did] not name the proper defendant," but did "correctly identify the proper defendant's address and fictitious business name." (*Id.* at *25.)  The *Thompson* court reasoned, in part, that the employee's FEHA

---

20      While *Myers* was not selected for publication, the prohibition on citing unpublished *California* decisions (Cal. Rules of Court, rule 8.1115(a)) does not apply to unpublished decisions from *federal* courts.  (*Farm Raised Salmon Cases* (2008) 42 Cal.4th 1077, 1096, fn. 18 ["Citing unpublished *federal* opinions does not violate our rules"].)

charge was sufficient "to have put [the employer] on notice of plaintiff's allegations." (*Id.* at \*26.)

Concluding that Clark exhausted her administrative remedies in this case is also supported by federal decisions interpreting analogous exhaustion requirements contained in *federal* anti-discrimination law.  For example, in *Martin, supra,* 11 Cal.App.4th 118, the Court of Appeal noted that the Ninth Circuit has interpreted federal law to "permit suit against unnamed parties if their 'involvement is likely to have been revealed in the [administrative] investigation which could reasonably have been expected to grow out of the charge.  [Fn. omitted.]' " (*Id.* at pp. 121–122, citing *Chung v. Pomona Valley Community Hospital* (9th Cir. 1982) 667 F.2d 788, 792.)[21]

Finally, concluding that Clark exhausted her administrative remedies against ALSC despite her failure to state its proper legal name in her DFEH Complaint is consistent with California law concerning the misnaming of a defendant in a *judicial* complaint.  In *Hawkins*, the court noted that the plaintiff had sued his former employer as "Basalite Corporation," when the employer's legal name was actually " 'Pacific Coast Building Products, Inc.' " (*Hawkins v. Pacific Coast Bldg. Products, Inc.* (2004) 124 Cal.App.4th 1497, 1500–1501 (*Hawkins*).)  The plaintiff filed an amended complaint substituting the correct name of the defendant after the statute of limitations had expired as to various claims.  (*Id.* at p. 1501.)  The trial court sustained

---

[21]    Harmonizing California and Ninth Circuit exhaustion case law in this context is also supported by the fact that, because of work sharing agreements, discrimination claims that are "filed with either the [federal Equal Employment Opportunity Commission] or the DFEH are deemed 'constructively filed' with the other."  (Employment Litigation*, supra*, ch. 16-A, § 16:9.)

the defendant's demurrer on the ground that the statute of limitations barred plaintiff's claims. (*Id.* at p. 1502.)

On appeal, the *Hawkins* court held that the trial court had erred in concluding that the amended complaint did not relate back to the date on which he filed his original complaint:

> "By defectively describing 'Pacific Coast dba Basalite' as Basalite Corporation, Hawkins's original complaint merely misnamed the proper defendant. . . . Allowing Hawkins to substitute the correct name for his original misdescription of the only named defendant neither changes the nature of the action nor represents an 'entire change of parties.' [Citation.] Hawkins was at all times attempting to sue a single entity, his former employer of three years, for wrongful termination." (*Hawkins, supra*, 124 Cal.App.4th at pp. 1504–1505.)

Similarly, in this case, while Clark misnamed her employer in her DFEH Complaint, using a variant of its fictitious business name rather than the employer's legal name, in both the administrative proceeding and in this lawsuit, Clark was charging a single entity, her former employer, with alleged discrimination. Clark's error in misnaming ALSC in her DFEH Complaint should not result in the dismissal of her lawsuit, just as such an error would not have resulted in the dismissal of her case if she had made the same error in drafting her complaint in this action.

2. *ALSC's arguments to the contrary are not persuasive*

ALSC contends that the trial court properly granted its motion for summary adjudication. ALSC's primary argument is that two cases "with comparable facts," *Alexander, supra*, 46 Cal.App.5th 238, and *Cole, supra*, 47 Cal.App.4th 1505, demonstrate that Clark failed to exhaust her administrative remedies. We disagree.

*Alexander* and *Cole* did not involve "comparable facts" and thus are materially distinguishable from this case. Critically, there was nothing in the DFEH complaints at issue in *Alexander* and *Cole* that demonstrated the plaintiffs' intent to name the defendants in those cases as perpetrators of discrimination. (See *Alexander, supra*, 46 Cal.App.5th at pp. 251–252 [stating that "plaintiffs mentioned [defendant] nowhere in their FEHA complaint," defendant "had no notice that plaintiffs intended to accuse [defendant]," and defendant was "entitled to rely on [plaintiffs'] failure to do so as evidence that they did not intend to pursue a civil complaint against [defendant]"]; *Cole, supra*, 47 Cal.App.4th at p. 1514 [concluding that plaintiff was barred from suing defendants "who were not mentioned in the administrative charge [at all]" and stating "[t]he Legislature certainly did not intend that the administrative process should be circumvented by allowing a civil lawsuit under the FEHA against individuals who allegedly discriminated but who were not mentioned in the administrative charge"].)

In contrast, in this case, for the reasons discussed in part III.C.1, *ante*, any reasonable person reading Clark's DFEH Complaint would understand that Clark intended to name her former employer, ALSC, as a respondent.[22] While *Valdez* and its progeny (including *Alexander* and *Cole*) stand for the proposition that a DFEH Complaint that *entirely* fails to name or identify a person or entity as a perpetrator of alleged discrimination does not exhaust a

---

[22] In its informal response, ALSC also states, "While ALSC used a properly published and recorded fictitious business name that was very similar, it never operated as 'Oasis Surgery Center, LLC' or 'Oasis Surgery Center, LP,' which are distinct legal entities." However, the existence of distinct legal entities named Oasis Surgery Center, LLC and Oasis Surgery Center, LP is irrelevant because our analysis turns on whether the DFEH complaint sufficiently identified ALSC, which it did.

plaintiff's FEHA administrative remedies against that person or entity,[23] ALSC has cited no cases, and we are aware of none, in which a court has extended this holding to permit a defendant who was clearly identifiable as a respondent in a DFEH complaint to avoid all potential liability merely because of a misnomer in the plaintiff's DFEH complaint as to the respondent.[24]  In short, given that neither *Alexander* nor *Cole* considered the effect of a wrong or inaccurate designation of a respondent that is otherwise identifiable in a DFEH complaint, neither case controls here.[25]

---

[23]    In addition, *Alexander*, *Cole*, and *Valdez* are all based primarily on the notion that the purposes of the exhaustion doctrine are not served where a plaintiff fails entirely to name a defendant in her DFEH Complaint.  (See pt. III.B.3, *ante*, discussing *Alexander, supra*, 46 Cal.App.5th at pp. 251–252; *Cole, supra*, 47 Cal.App.4th at p. 1515; *Valdez, supra*, 231 Cal.App.3d at p. 1061.)  ALSC fails to present any argument as to how the purposes of the administrative exhaustion doctrine are thwarted in a case such as this where it is clear that Clark intended to name ALSC in her DFEH Complaint, *there was no administrative investigation* because the DFEH Complaint, right-to-sue notice and judicial complaint were all filed on the same day, and Clark amended her judicial complaint to properly name ALSC as a defendant a week later.

[24]    We are similarly unaware of any cases in which a court has extended *Valdez* to preclude a plaintiff from suing an individual defendant in a case in which the plaintiff's DFEH complaint properly identified the defendant (e.g., by referring to the defendant by his commonly known name) but failed to state the defendant's proper legal name.

[25]    ALSC also notes that the court in *Alexander* stated that, prior to trial, the plaintiffs in that case discovered their error in failing to name their employer in their DFEH complaint.  The *Alexander* plaintiffs amended their judicial complaint, but failed to amend their DFEH complaint.  (Quoting *Alexander, supra*, 46 Cal.App.5th at pp. 246–247.)  ALSC argues that Clark "chose the same course that was used in *Alexander*, she amended the superior court complaint, but left her DFEH complaint unchanged."  However, unlike in *Alexander*, for the reasons stated in the text, Clark's DFEH Complaint

27

ALSC argues that there are two additional grounds, apart from its exhaustion claim, for granting summary adjudication that "individually justify the trial court's ruling."

First, ALSC argues that the trial court's order granting summary adjudication may be affirmed on the ground that Clark purportedly failed to "present any written opposition to ALSC's argument on the issue of exhaustion of administrative remedies." This argument is meritless. Clark's opposition to ALSC's motion for summary adjudication directly addressed ALSC's exhaustion argument (see pt. II.B.4, *ante*) and included both reasoned argument and citation to authority.[26] Thus, the trial court's order granting summary adjudication may not be affirmed on this ground.

Second, ALSC argues that the trial court properly granted summary adjudication on the ground that Clark failed to "comply with the formatting requirements for her separate statement of undisputed material fact." Again, we are not persuaded. While the trial court stated that Clark's "responses to [ALSC's separate statements of fact numbers] 152-154 are bereft of citation to any evidence supporting her decision to 'dispute' these items on the Separate Statement," the trial court did *not* state that Clark's failure to comply with formatting requirements constituted an independent basis for granting ALSC's motion for summary adjudication.

exhausted her administrative remedies against ALSC. Thus, her failure to amend her DFEH Complaint to state ALSC's proper legal name prior to the trial court's granting of summary adjudication is immaterial.

[26] Clark's opposition had a separately captioned argument entitled in relevant part, "Plaintiff exhausted her administrative remedies with respect to ALSC . . . ." (Boldface & some capitalization omitted.) Clark also cited several cases, including *Cole* and *Martin* and argued that her DFEH Complaint, "clearly described ALSC and the conduct of its employees . . . ."

28

In any event, none of the facts asserted by ALSC in its separate statement of facts numbered 152 through 154, even if considered undisputed, constituted a basis for summary adjudication. ALSC's separate statement of facts provided in relevant part:

> "152. At all times during her employment, Clark understood that her employer was named 'Arthroscopic and Laser Surgery Center of San Diego, LP' doing business as 'Oasis Surgery Center' not the distinct legal entity 'Oasis Surgery Center, LLC' "[;]

> "153. On June 6 ,2018 Clark amended her complaint in this action to change the name of her employer from 'Oasis Surgery Center, LLC' to 'Arthroscopic And Laser Surgery Center Of San Diego, LP' but did not amend her complaint with the California [DFEH] to correct the name of her 'employer' to reflect this change"[;]

> "154. The 'right to sue' letter upon which Clark's present action is based continues to erroneously name the defendant employer by the name 'Oasis Surgery Center, LLC.' "[27] (Some capitalization omitted.)

---

[27] Clark disputed each of these facts by stating:

> "Although Plaintiff listed ALSC's DBA [doing business as] [name] instead of its name of record, the complaint still clearly described ALSC and the conduct of its employees and contractors. ALSC did not suffer any harm from Plaintiff's failure to include ALSC's legal name in the DFEH complaint because the DFEH did not serve the complaint or the Right-to-Sue notice on any party, and did not perform any investigation, but instead directed Plaintiff to serve the notice on all relevant parties and proceed with a civil action. The fact that Plaintiff, as a lay person, did not understand that she should use ALSC's legal business name in her DFEH complaint instead of its commonly used business name, is not a basis to prevent Plaintiff from bringing claims here."

These facts merely support the conclusion that Clark's DFEH Complaint and the DFEH right-to-sue notice failed to identify ALSC using its proper legal name. For the reasons stated in this opinion, that fact does not entitle ALSC to judgment as a matter of law on Clark's FEHA counts.

IV.

CONCLUSION

In *Saavedra, supra*, 11 Cal.App.4th 824, in concluding that the plaintiff had sufficiently exhausted her administrative remedies against the defendant notwithstanding the plaintiff's failure to specifically "delineate[ ] [the defendant] an offending party" in her DFEH complaint, (*id.* at p. 827) the Court of Appeal observed, "Who was [Saavedra's] employer? . . . Lawyers confronted with questions like this typically resolve them by naming everyone in sight. But [Saavedra] is not a lawyer, and requiring a claimant to hire a lawyer to complete a discrimination claim form would be antithetical to the purposes of the legislation." (*Id.* at p. 827, quoting *Valdez, supra*, 231 Cal.App.3d at pp. 1062–1063 (dis. opn. of Johnson, J.).)

In this case, Clark did obtain a lawyer before filling out her DFEH complaint, and that lawyer drafted a DFEH complaint that unequivocally identifies ALSC as an intended defendant/respondent. It surely would be antithetical to the purposes of the FEHA to conclude that Clark's lawyer's minor mistake in failing to identify ALSC by its proper legal name in the DFEH complaint forever barred Clark from proceeding against ALSC; this is particularly so because that mistake could have no legal relevance and could not have prejudiced ALSC given the fact that DFEH issued an immediate right-to sue notice and Clark amended her judicial complaint to state ALSC's proper legal name just one week after she filed her DFEH complaint. A plaintiff's misdescription of an employer's proper legal name on a DFEH

30

complaint has never been held to provide a "get-out-jail-free card" to the employer under California anti-discrimination law.  And so it remains.

V.

DISPOSITION

Let a writ of mandate issue directing the trial court to vacate its order granting summary adjudication in favor of ALSC on counts 1-6, 10 and 11. The stay issued on August 10, 2020 is vacated.

AARON, J.

WE CONCUR:

BENKE, Acting P. J.

IRION, J.

31